**RICHARDS AND CONOVER STEEL CO., Appellant,**

**v.**

**NIELSONS, INC., and Insurance Company of North America, Appellees.**

**No. 58722.**

Supreme Court of Oklahoma.

May 3, 1988.

Rehearing Denied June 28, 1988.

---

Joseph F. Uvino, Wm. L. Peterson, Jr., Corp., Oklahoma City, for appellant.

John B. Hayes, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellees.

HARGRAVE, Vice Chief Justice.

The extent of coverage of an Oklahoma public works payment bond is the sole issue presented in this appeal from a sustention of a demurrer to a remote supplier's petition to recover payment for materials used in the Deer Creek waste water pollution control facility.

The appellant, Richards and Conover Steel Company was a supplier to Iola Metal Fabricators, a subcontractor. Richards and Conover Steel Company had supplied $37,166.45 worth of steel to Iola by the time Iola notified them they were unable to pay for the steel furnished for the project. In accordance with 61 O.S.1981 § 2, Richards and Conover Steel Company notified the prime contractor, Nielsons, Inc., and its

surety, Insurance Company of North America (appellees), within 90 days of the date materials were last furnished, of their demand for payment of the outstanding balance. Materials were last furnished July 24, 1981, and the bond was dated June 27, 1979. Inasmuch as the demand did not produce payment, this action was instituted in the District Court of Oklahoma County. Richards and Conover Steel Company sued Nielsons, Inc., and its surety, Insurance Company of North America, alleging that under 61 O.S.1971 §§ 1 and 2, the prime contractor and its surety were required to pay all indebtedness incurred during construction of the project. The defendants filed demurrers against this petition's allegations which was sustained. The granting of this demurrer and subsequent dismissal of the action form the subject of this appeal.

The issue presented here is whether the coverage of a statutory payment bond on a public works project extends to a materialman in Richards and Conover Steel Company's position as a remote supplier under the statutory mandate of 61 O.S.1981 §§ 1 and 2. The question is whether a supplier to a third-tier subcontractor may collect on a bond drawn to comply with the above statutes where only subcontractors are specified as a party able to recover on such a bond. Stated otherwise, is bond coverage limited to only those contractors who have a direct contractual relationship with the prime contractor, or does the coverage extend down to every party who supplies labor or materials on a public works project?

The statutes have been amended since the execution of the bond, although the 1971 and 1981 statutes are similar. 61 O.S.1971 § 1 [1] provides:

1. 61 O.S.Supp.1987 § 1A provides:

A. Prior to the award of any contract exceeding the amount of Seven Thousand Five Hundred Dollars ($7,500.00) for the purpose of making any public improvements or constructing or repairing any public building, the person to whom said contract is awarded shall:

1. furnish a bond with good and sufficient sureties payable to the state in a sum not less than the total sum of the contract; or

2. cause an irrevocable letter of credit containing such terms as may be prescribed by the Office of Public Affairs to be issued for the benefit of the state by a financial institution insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation in a sum not less than the total sum of the contract. The bond or irrevocable letter of credit shall ensure the proper and prompt completion of the work in accord-

Before any contract, exceeding One Thousand Dollars ($1,000.00) in amount, for the purpose of making any public improvements or constructing any public building or making repairs to the same is awarded, the person or persons to whom such contract is awarded shall furnish to the State of Oklahoma a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum of the total of the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred by such contractors or their subcontractors who perform work in the performance of such contract, for labor and materials and repairs to and parts for equipment used and consumed in the performance of said contract. . . .

Recovery rights under the bond are provided for in § 2 of 61 O.S.1971:

Such bond shall be filed in the office of the agency, institution, department, commission, municipality or government instrumentality that is authorized by law and does enter into contracts for the construction of public improvements or buildings, or repairs to the same; and the officer with whom the bond is filed shall furnish a copy thereof to any person claiming any rights thereunder. Any person to whom there is due any sum for labor, material or repair to machinery or equipment, furnished as stated in the preceding section, his heirs or assigns, may bring an action on said bond for the recovery of said indebtedness, provided that no action shall be brought on said bond after one (1) year from the day on which the last of the labor was performed or material or parts furnished for which such claim is made. Provided, however, that any person having direct contractual relationship with a subcontractor performing work on said contract, but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond only upon giving written notice to

said contractor and surety on said payment bond within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material or parts for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material or parts were furnished or supplied or for whom the labor was done or performed. . . .

The trial court sustained a demurrer to the petition alleging the above facts under the law of the quoted statute. In his order dismissing the petition the trial court stated that the coverage of the statutory bond sued upon does not extend to a remote supplier such as plaintiff.

Appellant argues that Oklahoma's general lien statute should be looked to to determine the intent of the Oklahoma public works bond statutes inasmuch as the statutes are similar. Appellees' position in this appeal is the act should be construed in the light of the federal authority of the Miller Act, 40 U.S.C.S. §§ 270a and 270b.

Appellant notes the issue of remote materialmen and suppliers has been addressed under the statute preceding §§ 1 and 2 here considered in cases such as *Amerman v. State,* 111 Okl. 174, 239 P. 146 (1925), citing *Lohr & Trapnell v. H.W. Johns–Manville Co.,* 77 Okl. 6, 185 P. 526 (1919), for the proposition that " 'Materials used in the construction of a public work, whether furnished under the contract directly to the contractor, must be deemed within the obligation of the surety company under a bond . . . conditioned that the contractor make payments to the parties furnishing the same for all materials used in the work provided for in the contract and all labor performed on such work, whether by subcontractors or otherwise, in view of the manifest purpose of that statute to protect those whose labor or material has contributed to the prosecution of the work' ".

ance with the contract and shall ensure that the contractor shall pay all indebtedness incurred by said contractor, his subcontractors, and all

materialmen for such labor, material, and repair of and parts for equipment as are used and consumed in the performance of said contract.

In *Lohr & Trapnell v. H.W. Johns–Manville Co., supra,* the Court spoke on a consideration mentioned in this action as a reason to refuse to extend liability on a public works bond to remote suppliers and subcontractors. That is, the very fact of the subcontractor's remoteness and the difficulty of supervising payment to suppliers and subcontractors, may actually be unknown to the prime contractor and his surety. Such problems are easily circumvented. Quoting from *Illinois Surety Co. v. John David Co.,* 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206, in *Amerman v. State, supra,* this Court reiterated:

> "The argument that the surety's risk ought not to be increased by holding it liable for the default of strangers to the original contract is of no greater force in the case of an assignee than it is in that of the subcontractor. A surety company could protect itself by insisting that the contractor require a bond from all subcontractors and assignees. The surety company was in no wise prejudiced by the transfer of the business, since the management remained unchanged; and no reason is shown for applying the rule of strictissimi juris."

The fact that remote subcontractors and materialmen could proceed against the public works bond under the 1971 version of 61 O.S. §§ 1 and 2 in the view of this Court is noted in *G.A. Mosites Co. of Ft. Worth Inc. v. Aetna Casualty & Surety Co.,* 545 P.2d 746 (Okl.1976). There Mosites was a supplier to a contractor, Offutt Construction Company, Offutt had a subcontract from W.R.G. Construction Company. Mosites attempted to recover from the surety money due for labor and material supplied. There the plaintiffs had not given the prime contractor notice within 90 days of the date the last material and labor was supplied. In the beginning of the opinion dealing with right of the plaintiff to recover on a third-party-beneficiary-contract theory, Justice Davison made the following observation:

> On the record before us, we are sure that if the appellant had given the notice required by 61 O.S. § 2, the appellant would simply have relied on the statu-

tory bond given under 61 O.S. § 1 and would have received full recovery thereunder....

Thus it is observed that this Court has clearly stated its opinion, by way of dicta, that under 61 O.S.1971 §§ 1 and 2 a remote materialman may recover on a statutory payment bond.

Appellees contend that the 1968 amendment to 61 O.S. § 2, differing in two material respects from the former 1965 version, evinces an intent to exclude remote suppliers and subcontractors. First, the 1968 statute requires suit to be brought on the bond within one year of the date upon which the material was last furnished, as opposed to one year from the completion of the project. Secondly, the 1968 amendment (Okla.Sess.Laws 1968, c. 77 § 2) adds a provision that a claimant "having direct contractual relationship with a subcontractor ... but no contractual relationship express or implied with the contractor ... shall have a right of action upon the said payment bond only upon giving written notice to said contractor and surety on said payment bond within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material ..." The 1965 version did not require notice.

The appellees contend the alteration of the statute raises a presumption that the amendment is intended to alter the former rule where the meaning was formerly judicially settled, citing *Irwin v. Irwin,* 433 P.2d 931 (Okl.1965). On this basis, the appellees contend the legislature intended to adopt the interpretation found in the federal Miller Act, 40 U.S.C.S. §§ 270a and 270b, since the language of the two are similar. Agreeing that the appellees' citation of *Irwin, supra,* is correct law, it does not follow that the changes were legislatively intended to track the judicial interpretation of the Miller Act, nor do the changes necessarily mandate that the persons covered are. limited to subcontractors and do not allow the bond to cover parties occupying a more remote position than contractors. A more plausible explanation of § 2's amendment is the addition of the limi-

tations that parties not directly related contractually, expressly or impliedly, may not recover on the bond unless notice is given of such a claim within 90 days of the last service rendered or material supplied. Additionally, the limitations provided for bringing an action was shortened to one year from the time the service was rendered from the former requirement that the action must be brought within one year from the completion of the project. Thus both amendments to § 2 have the effect of shortening the period in which remote suppliers must act to recover on the payment bond. In the light of this change there is no compelling reason under the authority of *Irwin, supra,* to hold that the change in the statute was designed to exclude from the coverage of the payment bond remote suppliers or subcontractors. Such an interpretation is not necessary to prevent the statute's amendment from being a useless act, nor to assure the amendment effected a change in the law.

■ The appellees additionally contend that the statutes under question, 61 O.S.

1971 §§ 1 and 2, should be construed to be similar to the Miller Act, 40 U.S.C.S. §§ 270a and 270b. It is contended that the language is an almost verbatim extract from the Miller Act. It is contended that the enactment of an identical or similar statute from another jurisdiction carries with it the judicial construction planned upon it by the highest court of the adopted jurisdiction, citing *Laubach v. Morgan,* 588 P.2d 1071 (Okl.1978), *Baker v. Knott,* 494 P.2d 302 (Okl.1972), and *Chesmore v. Chesmore,* 484 P.2d 516 (Okl.1971). The fact that a statute is an exact transcript of an earlier statute of a sister state is persuasive evidence of a re-enactment of the statute of the sister jurisdiction unless it appears that an earlier statute has also been enacted in other jurisdictions, where there is no affirmative showing of legislative intent of adoption from that jurisdiction. *Smith v. Baker,* 5 Okl. 326, 49 P. 61 (1897). We are here confronted with only a portion of a statute which is identical and that portion is a minor component of both the Oklahoma [2] and federal statute. [3]

2. 61 O.S.1971 §§ 1 and 2 provide:

§ 1. **Bond to be taken on public works.**—Before any contract, exceeding One Thousand Dollars ($1,000.00) in amount, for the purpose of making any public improvements or constructing any public building or making repairs to the same is awarded, the person or persons to whom such contract is awarded shall furnish to the State of Oklahoma a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total of the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred by such contractors or their subcontractors who perform work in the performance of such contract, for labor and materials and repairs to and parts for equipment used and consumed in the performance of said contract....

§ 2. **Filing of bond—Action on bond—Subcontractors.**—Such bond shall be filed in the office of the agency, institution, department, commission, municipality or government instrumentality that is authorized by law and does enter into contracts for the construction of public improvements or buildings, or repairs to the same; and the officer with whom the bond is filed shall furnish a copy thereof to any person claiming any rights thereunder. Any person to whom there is due any sum for labor, material or repair to machinery or equipment, furnished as stated in the preceding section, his heirs or assigns, may bring an action on said bond for the recovery of said indebtedness, provided that

no action shall be brought on said bond after one (1) year from the day on which the last of the labor was performed or material or parts furnished for which such claim is made.

Provided, however, that any person having direct contractual relationship with a subcontractor performing work on said contract, but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond only upon giving written notice to said contractor and surety on said payment bond within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material or parts for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material or parts were furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, together with a copy thereof to the surety or sureties on said payment bond....

3. 40 U.S.C.S. §§ 270a and 270b provide:

§ 270a. **Bonds of Contractors for public buildings or works; waiver of bonds covering contract performed in foreign country.**

(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or re-

There is, in addition, no affirmative showing there was intent to adopt the federal act in part. In view of these two facts last mentioned, any presumption that the adopted language brings with it prior judicial gloss is weak indeed. In addition, that presumption would directly conflict with

the state policy furthered by this public works bond. Inasmuch as a private party may not obtain a lien against public property, the payment bond provides alternate routes of satisfaction for services rendered on the public works project. In the early case of *Bushnell v. Haynes*, 56 Okl. 592,

pair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as "contractor":

(1) A performance bond with a surety or sureties satisfactory to the officer awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. Whenever the total amount payable by the terms of the contract shall be not more than $1,000,000 the said payment bond shall be in a sum of one-half the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $1,000,000 and not more than $5,000,000, the said payment bond shall be in a sum of 40 per centum of the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $5,000,000 the said payment bond shall be in the sum of $2,500,000.

(b) The contracting officer in respect of any contract is authorized to waive the requirement of a performance bond and payment bond for so much of the work under such contract as is to be performed in a foreign country if he finds that it is impracticable for the contractor to furnish such bonds.

(c) Nothing in this section shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to those, or in cases other than the cases specified in subsection (a) of this section.

(d) Every performance bond required under this section shall specifically provide coverage for taxes imposed by the United States which are collected, deducted, or withheld from wages paid by the contractor in carrying out the contract with respect to which such bond is furnished. However, the United States shall give the surety or sureties on such bond written notice, with respect to any such unpaid taxes attributable to any period, within ninety days after the date when such contractor files a return for such period, except that no such notice shall be given more than one hundred and eighty days from the date when a return for the period was required to be filed under the Internal Revenue Code of 1954 [26 USCS § 1 et seq.].

No suit on such bond for such taxes shall be commenced by the United States unless notice is given as provided in the preceding sentence, and no such suit shall be commenced after the expiration of one year after the day on which such notice is given....

§ 270b. Same; rights of persons furnishing labor or material

(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this Act [40 USCS §§ 270a et seq.] and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit....

156 P. 343 (1916), this Court outlined the purpose of the statutes:

> ... to as fully indemnify against loss those who deal with public improvement contractors as those who deal with other contractors with private persons are indemnified by the provisions of the mechanic's and materialmen's lien laws.

██ The purpose of 61 O.S.1971 §§ 1 and 2 can be served only by allowing a remote materialman to recover on this bond if the notice provision of the statute is met and the action is timely brought.

This conclusion follows this Court's last statement upon the subject found in *G.A. Mosites Co. of Ft. Worth Inc. v. Aetna Casualty & Surety Co., supra.* Accordingly, the decision of the trial court sustaining the demurrer to the plaintiff's petition is reversed.

REVERSED AND REMANDED.

DOOLIN, C.J., and HODGES, LAVENDER, SIMMS, OPALA, WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.