**YELLOW PINE LUMBER CO., INC., Plaintiff–Appellee,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellant,**

**Preload Technology, Inc., Defendant–Intervenor–Appellant,**

and

**A & W Lumber Co., Defendant.**

No. 88–2702.

United States Court of Appeals, Tenth Circuit.

Aug. 14, 1989.

---

Clyde A. Muchmore and Karen Eby of Crowe & Dunlevy, Oklahoma City, Okl., for Insurance Co. of North America and Preload Technology, Inc.

Richard L. Farris of Frates & Farris, Oklahoma City, Okl., for Yellow Pine Lumber Co., Inc.

Before McKAY, TACHA, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

In this diversity contract action, the defendant, Insurance Company of North America (ICNA), and intervenor/cross-claimant Preload Technology, Inc. (Preload) appeals from the decision of the district court granting the partial summary judgment motion of plaintiff Yellow Pine Lumber Company (Yellow Pine) and denying ICNA's cross motion for summary judg-

ment. For the reasons set forth below, we affirm.

Preload was the general contractor for the construction of a public works project known as the Lake Arcadia Grounds Storage Reservoirs (the project). Preload obtained a public works payment bond as required by Okla.Stat. tit. 61 §§ 1 and 2 (1981). Section 1 essentially outlines the characteristics of the bond and § 2 describes the procedures for filing the bond and bringing an action on the bond.

In the performance of its duties on the project, Preload ordered lumber to make concrete forms from A & W Lumber Company (A & W). A & W in turn ordered some of this lumber from Yellow Pine. Yellow Pine purchased the lumber ordered by A & W from two different mills. After purchasing the lumber, Yellow Pine arranged for it to be shipped from the mills by common carrier directly to the project site. Yellow Pine sent invoices to A & W for each of these purchases. A & W failed to pay for some of the lumber that Yellow Pine sent to it.

Yellow Pine brought this lawsuit to recover on the bond for sums that it alleged A & W owed. In defense, ICNA had construed certain language contained in § 2 to restrict recovery to subcontractors and those having a direct contractual relationship with a subcontractor. ICNA contended that Yellow Pine could not recover on the bond because Yellow Pine had a direct contractual relationship with a supplier and not a subcontractor. In ruling on ICNA's and Yellow Pine's cross motions for summary judgment, the district court concluded that Yellow Pine could, in its capacity as a materialman to another materialman, A & W, properly recover on the public works project bond.

The district court awarded Yellow Pine judgment on the bond as a covered remote materialman. The district court's ruling and rationale has been fully supported by the Oklahoma Supreme Court's decision in *Richards & Conover Steel v. Nielsons, Inc.*, 755 P.2d 644 (Okla.1988).

In light of the new Oklahoma case, Preload and ICNA do not now contest the correctness of the district court's decision with regard to Yellow Pine's ability to recover under the bond as a remote materialman. Rather, they have shifted their emphasis to a different portion of the language of § 2 of the bond statutes. ICNA and Preload refer to the language of § 2 which concerns the notice requirements for one seeking to recover on a statutory bond. In pertinent part, the statute provides that a person must give written notice to the contractor and the bond surety within ninety days from the date "on which such person did or performed the last of the labor or *furnished or supplied* the last material or parts for which such claim is made." Appellants argue that since Yellow Pine never physically possessed the lumber it purchased for A & W, Yellow Pine cannot be said to have actually supplied or furnished the lumber to the project.

ICNA's and Preload's reading of § 2 as limiting recovery to those who have physically possessed materials is a possible but improper reading of the statute. Consistent with the Oklahoma Supreme Court's decision in *Richards* and a fair reading of the bond statutes as a whole, we conclude that Yellow Pine is a party within the coverage of the statutory bond.

The judgment of the United States District Court for the Western District of Oklahoma entered on September 30, 1988, is AFFIRMED.

The mandate shall issue forthwith.