T. W. IRWIN, Plaintiff in Error,

v.

C. IRWIN, Defendant in Error.

No. 41334.

Supreme Court of Oklahoma.

Sept. 21, 1965.

See also Okl., 416 P.2d 853.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

Paul L. Washington, Oklahoma City, for defendant in error.

IRWIN, Justice.

Plaintiff in error filed this appeal challenging only that portion of the trial court's judgment determining the custody of minor children and effecting division of property rendered in a divorce proceeding. The correctness of the decree granting the divorce is not challenged.

Defendant in error moved to dismiss the appeal for defects to be discussed and this Court raised a jurisdictional question sua sponte. The jurisdictional question raised by this Court and briefed by the parties at its request relates to the following issue: "Does the appellate procedure prescribed by Title 12 O.S.1961, Sec. 1280, apply with equal force and effect to all portions or phases of judgments rendered in divorce proceedings, such as determination of alimony, division of property, custody and support of children, and any reviewable orders subsequently modifying or declining to modify the same, or is that procedure confined solely to decisions dissolving or declining to dissolve the bond of matrimony?"

Since the issue posed is one of first impression and of general interest to the bench and bar, the court directed that its disposition of this proceeding be effected by an opinion promulgated in advance of a decision on the merits of this appeal.

For the reasons to be given we hold that all portions or phases of judgments rendered in divorce proceedings and all reviewable orders of modification or declining to modify the same are within the scope of the appellate procedure prescribed by Sec. 1280, supra, and said procedure is not confined solely to decisions dissolving or declining to dissolve the bond of matrimony.

For the reasons to be given, we give our decision herein prospective application only.

Sec. 1280, supra, was enacted by the adoption of H.B. 770, by the 1957 Legislature, being an amendment to Title 12 O.S.1951, Sec. 1280. See 1957 Session Laws, Chap. 22, page 82. From statehood until the adoption of the 1957 amendment here under consideration, the pertinent part of Sec. 1280, supra, provided:

"A party desiring *to appeal from a judgment granting a divorce*, must within ten days after such judgment is rendered file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party *to appeal from such judgment. If notice be filed as aforesaid*, the party filing the same may commence proceedings in error for the reversal or modification of such judgment at any time within four months from the date of the decree appealed from and not thereafter * * * and if notice be filed and proceedings in error be commenced as hereinbefore provided, then it shall be unlawful for either party to such cause to marry any other person until the expiration of thirty days from the day on which final judgment shall be rendered pursuant to such appeal. * * *" (Emphasis ours.)

In Lewis v. Lewis, 39 Okl. 407, 135 P. 397, the quoted provisions were held applicable "only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings." The cited decision was based upon the pronouncement of the Supreme Court of Kansas in Kremer v. Kremer, 76 Kan. 134, 90 P. 998, 91 P. 45. Ever since the Lewis case this Court has adhered to that construction of the quoted statutory provisions and has held that appeals from determinations of all rights, other than divorce, were governed by the general appellate procedure in civil cases and not by Sec. 1280, supra. Jupe

v. Jupe, 196 Okl. 447, 166 P.2d 769. See also Secondine v. Secondine, Okl., 311 P.2d 215, promulgated prior to the 1957 amendment, wherein we held that an appeal to contest an order to pay child support which did not contest the divorce was controlled by the general appellate procedure and not by Title 12 O.S.1951, Sec. 1280.

The pertinent provisions of the 1957 amendment to Sec. 1280, here under consideration, are:

"* * * *An appeal from a judgment granting or denying a divorce* shall be made in the same manner as any other case provided, however, that a proceeding for reversal or modification of such judgment must be commenced within three (3) months from the date of the decree appealed from. If notice be given and an appeal be commenced from a *decree of divorcement*, the decree does not become final and take effect until the appeal shall be determined." (Emphasis supplied.)

The quoted amendment effects several significant changes, many of which are at once detectable; the requirement of a written notice is eliminated in its entirety and substituted therefor is the general statutory procedure applicable "in any other case"; the appeal time is reduced from four to three months; and the purview of the section is extended to judgments "denying a divorce", while in its antecedent form the section was limited to judgments "granting a divorce."

There is also a rather noticeable departure from the previous phraseology. The former enactment, by commencing with the words "A party desiring to appeal from a judgment granting a divorce * * *", did perhaps more readily connote that the provisions had a narrowly confined application to a single judicial decision dissolving a matrimonial bond and not to appeals where review was sought of determinations incidental to a divorce. No such or similar indication is afforded to the reader by the broad and unmistakably general formula-

tion in the text of the amended statute. After providing that "An appeal from a judgment granting or denying a divorce shall be made * * *", the section sets forth that "a decree of divorcement" shall stand suspended pending appeal. The quoted phrases, when standing so closely together, create a strong implication that the term "judgment", as used in the amended act, refers to the entire adjudication made in a divorce action as a single, indivisible integrity, while the term "decree of divorcement" is employed to denote that part thereof which operates to sever the pre-existing bond of matrimony.

 If the meaning of a portion of the statutory text is uncertain we may resort to the title of the act which serves as a valuable aid in interpreting the body and in determining legislative intent. This is especially proper in Oklahoma because our constitution requires that the purpose of an act be clearly expressed in its title. Sec. 57, art. 5, Okl.Const.; State ex rel. Board of Education, etc. v. Morley, 168 Okl. 259, 34 P.2d 258; Oklahoma Gas & Electric Co. v. Oklahoma Tax Commission, 177 Okl. 179, 58 P.2d 124.

 The title of H.B. 770, the amendatory statute under consideration, sets forth that it is "An act relating to appeals from judgments in divorce cases * * *." This is an unqualified reference which warrants our conclusion that the Legislature intended to extend the appellate provisions of the amendatory act to all appeals "in divorce cases". In this view we are strengthened by the time-honored rules of statutory construction that "a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended". 82 C.J.S. Statutes § 384(2), p. 905. Where the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate legislative intent to alter the law. Tom P. McDermott, Inc. v. Bennett, Okl., 395 P.2d 566, 570; County Board of Equalization, Pittsburg County v. Muskogee Ind. Fin. Corp., Okl., 357 P.2d 224, 227; Darby v. Oklahoma Tax Commission, 201 Okl. 159, 202 P.2d 978.

Measured by these canons of statutory interpretation, our construction of Sec. 1280, as amended, as heretofore set forth, is in harmony with the Legislative intent in its enactment of H.B. 770 in 1957, which, without question, was to make uniform rules of appellate procedure for all appeals in divorce cases, whether such appeals are taken from the decision as to the marital status of the parties or incidental determinations made either in the divorce proceedings or in proceedings seeking modification thereof.

This appeal was not brought within the period of three months from final order prescribed by the provisions of Sec. 1280, as amended in 1957, but approximately five months after final order. It necessarily follows that under the appellate procedure in force and effect prior to the adoption of the 1957 amendment to Sec. 1280, supra, this appeal would be deemed to have been timely commenced because corrective relief is sought from determinations other than the dissolution of the matrimonial bond. If, however, we apply to this appeal the construction placed on the 1957 amendment in this opinion, the instant appeal would be subject to dismissal because it was not brought here within the period of three months provided therein.

 Since the text of the amendment under consideration did not afford sufficient and clear notice to the bench and bar of the material change in the appellate procedure which governs in divorce cases, we hold that our construction of the cited section, as announced in this opinion, shall operate prospectively and shall be applied with effect only to those appeals in which judgment or order appealed from will have been rendered after this opinion becomes final. This course is taken to avert injustice and unnecessary hardship to the litigants and to fully effectuate the legisla-

tive purpose. Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515, 520.

Defendant in error points out that the case made contains no order extending appeal time beyond the three months period prescribed by Title 12 O.S.1961, Sec. 972. It was not necessary for plaintiff in error to obtain an order extending the appeal time beyond the three months period, as the 1963 amendment to that section dispenses altogether with that requirement and prescribes a period of six months for lodging an appeal by case made. See Title 12 O.S.Supp.1963, Sec. 972(a).

■ In her motion to dismiss defendant in error assails the validity of the trial judge's order retroactively extending the time to serve case made. The challenged order was made upon written application and pursuant to written notice of the time and place such application would be heard. The order is regular on its face and the procedure employed in procuring it complies with the requirements of 12 O.S.1961, Sec. 962; see, De Wees v. Cedarbaum, Okl., 381 P.2d 830, 835. The sufficiency of evidence to justify a retroactive order of extension, which is regular on its face, must be challenged by cross-appeal. A cross-appeal was not filed and the question is not reviewable on motion to dismiss. Rogers, County Treasurer v. Bass & Harbour Co., 47 Okl. 786, 150 P. 706; Bruner v. Eaton, 121 Okl. 209, 249 P. 734; Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970.

Inasmuch as our construction of Title 12 O.S.1961, Sec. 1280, as amended in 1957, is given prospective application only, and said appeal is not subject to dismissal on other grounds, the motion to dismiss is denied.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, BERRY and HODGES, JJ., concur.

LAVENDER, J., dissents.