Depository Board — Deposits — Criteria The State Depository Board is authorized under 62 O.S. 71 [62-71] (1961) et seq. to designate depository banks and to specify criteria governing the deposit of state funds. To the extent that the limits are entirely necessary and proper for the implementation of the Board's statutory duties as outlined above. The adopting, by the State Depository Board, of such rules is no more than an exercise of discretion appropriate to such a state executive agency. The Attorney General has considered your request of recent date for an opinion on the following question: "Does the State Depository Board have the authority to control the amount of state money deposited in an approved bank by adopting and enforcing the attached rules?" It must be noted that, since statehood, as the state's elected chief legal officer, the Attorney General has had specific statutory responsibility, along with the Governor and the Treasurer, for the selection of the state depository banks. Undoubtedly, the reason for this is the legislature's recognition that serious legal questions are involved in depository selections, such as the one you have raised and that the state's elected legal officer should speak to these questions. It might also appropriately be noted that the Governor's and Treasurer's complementary responsibilities with respect to depository selections are equally apparent. The Governor's responsibility reflects his peculiar role as direct representative of the people of the State, in recognition of the broad public interest attendant to depository selections; and the Treasurer's responsibility doubtless reflects his role as the state's fiscal officer, recognizing the public interest in proper financial management. These considerations, however. do not in any way mitigate the responsibility of the elected legal officer of the state to address his best legal judgment to the question raised. The proposed rules to which you refer provide that all prior designations and selections of banks in Oklahoma as depositories for state funds are revoked, annulled and rescinded effective September 1, 1969. Said rules further provide that effective September 1, 1969, all national and state banks chartered in and having places of business in the State of Oklahoma are selected and designated as official depositories if they comply with stated conditions, which are: "(a) All such banks must be members of, and have their accounts insured by the Federal Deposit Insurance Corporation. "(b) Except as set out in sub-paragraph (c) below, no such bank shall be selected or designated as an official depository for state moneys or funds for any amount in excess of (a) 75% of its capital structure, or (b) $7,500.00. which ever amount is the lesser. `Capital structure' as used in this sub-paragraph means the sum of the following: (i) paid-in capital, (ii) surplus and (iii) undivided profits and reserves as shown by the banks last official call statement. "(c) The State Treasurer may designate not more than four banks chartered in and having a place of business in the State of Oklahoma and meeting the requirements of sub-section (a) above as depositories of operating accounts which shall be exempt from the limitations imposed in sub-section (b) above. `Operating accounts' as used in this sub-paragraph shall mean accounts from which warrants and checks drawn by the proper official of the State of Oklahoma a!e ordinarily paid." From a time prior to statehood through 1932 the Treasurer was authorized to select a number of banks as depositories with the consent of the Governor and Attorney General. See Revised Laws of Oklahoma, 1910, Section 6779; Compiled Oklahoma Statutes, 1910, Section 8605. Said Section 8605 became Section 5415 of Oklahoma Statutes 1931. In 1933 said Section 5415 was amended by O.S.L. 1933, ch. 207, Section 1, to read: "A State Depository Board is hereby created to be composed of the Governor, Attorney General and State Treasurer and said Board is authorized and directed to select a number of banks within the State of Oklahoma as depositories for all moneys and funds coming into the hands of the State Treasurer as the official depository; such banks must be in good standing and conducting a regular banking business, shall pay interest on the average daily balances at a rate to be fixed by said Board, which shall not, however, be less than two per cent (2%) per annum and shall collect free of charge to the state, such drafts, bills of exchange and checks as may be deposited by the State in the regular course of business, and shall pay all checks and drafts legally authorized and duly drawn on the funds deposited in such banks. There shall not be deposited in any one of such banks, of the public funds in the hands of the State Treasurer, an amount to exceed the amount of approved legal securities pledged by such banks therefor. Such banks shall make quarterly reports of the fiscal year of the amount deposited and checked out or withdrawn and the balances on hand, including accrued interest belonging to the State." (Emphasis added) The statute set out immediately above has been recodified, and now appears as 62 O.S. 71 [62-71] (1961), which differs only with respect to the payment of interest by the banks selected. The question then becomes, does the Board merely select the banks, or does it also determine the amount of funds to be placed therein. There are two pertinent approaches to this question, and both will be dealt with. The first is the obvious question of determining what the legislative intent was in connection with the said legislation. Prior to 1933 the Treasurer selected the banks with the approval of the Governor and Attorney General as noted above. in 1933 the Treasurer had this power taken from him, in the sense that the State Depository Board was created to make such selections of state depository banks. Did the legislature intend to give the Board as a whole the authority to authorize the deposit of funds, or merely to select banks, which would receive such deposits as the Treasurer saw fit? Since the language of the act does not necessarily clearly indicate the intent, we must follow accepted rules of construction to resolve doubt as to the meaning of the language. The Oklahoma Supreme Court has repeatedly utilized the title of an act to aid in interpreting the act itself. See Irwin V. Irwin, Ok 1.,433 P.2d 931 (1936). Our Court has even held that the text of an act is limited by the selection of a restrictive title, since a subject of a legislative act must be clearly expressed in its title under Oklahoma Constitution Article V, Section 57. See Poafpybitty v. Skelly Od Co., Ok 1., 394 P . 2d 515 (1964). The title of the original act creating the Board (H.B. 32, 14th Oklahoma Legislature, 1st Session (1933)) referred to above as O.S.L. 1933, ch. '07, Section 1, contains the following language: "AN ACT amending Sections 5415 and 5419, Oklahoma Statutes, 1931, relating to the deposit daily of State Funds in Depository Banks approved by a Board composed of the Governor, the Attorney General and the State Treasurer, and providing that said Depository Board may authorize the daily deposits of funds in the hands of the State Treasurer in such Depository Banks at a rate of interest to be fixed by said Board at not less than two per centum per annum, providing that said Board may in emergency cases authorize the deposit of said funds and other funds in the custody of the State Treasurer subject to deposit in Depository Banks of the State to be deposited in the State Fiscal Agency; authorizing said Depository Board within limits to fix the rate of interest on all Public Funds deposited in the banks of this State, repealing Section 54 Oklahoma Statutes, 1931, and all other Acts and parts of Acts in conflict herewith, and declaring an emergency." (Emphasis added) The language in the title of H.B. 32 clearly indicates that the legislature intended that the Board would select the banks, and also that the Board would authorize the deposits. The second approach to your question involves a determination of the object to be sought by the Board in adopting the rules set out above. The statutes set out above authorize the Board to select depository banks. The rules referred to obviously designate a basis upon which any Oklahoma bank might qualify as a depository. That is, if the Board may utilize executive discretion in designating depository banks, then the Board would have the authority to designate a bank as a depository, with reasonable limitations, such as limiting the designation to a reasonable percentage of such banks' capital structure. Such rules would serve to designate depositories, and would only indirectly affect the amount of funds to be deposited. That is, a bank might not have on deposit the total amount authorized if the set percentage of capital structure of all designated banks far exceeded the amount of state funds available for deposit. since there would simply not be enough state funds to deposit in all such banks to the extent authorized. Thus. the manifest purpose of the rules is to establish criteria for selection of Oklahoma banks as depositories in order that any bank in the State might have an equal opportunity to qualify as a depository. In Winters v. Governor's Special Committee, Okl., 441 P.2d 370
(1967). a case treating the authority of a special investigating committee, the Oklahoma Supreme Court completed, in passing, on the authority of the Depository Board. It was stated by the Court therein at page 376 that: "The Treasurer is given custody of the public fund by virtue of 74 O.S. 362 [74-362] (1961) and the authority to deposit this fund for safekeeping in an approved bank under such terms and conditions as he shall impose, subject to the limitations contained in 62 O.S. 1961 Section 71[62-71] [62-71] et seq. creating the State Depository Board. " (Emphasis added) The establishment of criteria for designating depository banks under the clear authority of 62 O.S. 71 [62-71] (1961) et seq. involves an exercise of executive discretion with which neither this office, nor a court can interfere, except in extraordinary circumstances. Such is the general rule. See 30 C.J.S., Equity Section 65, page 916 et seq. See also Bynum v. Straus, 95 Ok 1. 45, 218 P. 883. The foregoing all considered, it is the opinion of the Attorney General that your question be answered as follows: The State Depository Board is authorized under 62 O.S. 71 [62-71] (1961) et seq. to designate depository banks and to specify criteria governing the deposit of state funds. To the extent that the rules place certain limits on the amounts that can be deposited, these limits are entirely necessary and proper for the implementation of the Board's statutory duties as outlined above. The adopting, by the State Depository Board, of such rules is no more than an exercise of discretion appropriate to such a state executive agency. (G. T. Blankenship)