INSURERS — STATEMENT OF CONTINGENT LIABILITIES Prior to the effective date of Senate Bill 458 enacted in the Second Regular Session of the Thirty-fourth Oklahoma Legislature, there was no requirement contained in 36 O.S. 311.2 [36-311.2] that a domestic insurer include contingent liabilities in its statement of financial condition. The Attorney General has considered your request for an opinion wherein you inquire whether the failure to include a statement as to the contingent liabilities of a domestic insurer reporting pursuant to provision of 36 O.S. 311.2 [36-311.2] prior to the passage of Senate Bill 458 in the Second Regular Session of the Thirty-fourth Oklahoma Legislature, would be a material misrepresentation or false statement of financial condition. As stated in your letter, Senate Bill 458 as enacted provided for an effective date of May 29, 1974, and amended 36 O.S. 311.2 [36-311.2] specifically adding the following language: "Such reports for information purposes shall contain a complete listing of all written commitments to loan, guarantees of loans or contractual obligations concerning loans or conditional liabilities to borrowers or lenders made during the quarter reported." Prior to the enactment of Senate Bill 458 the statute was silent with regard to such conditional liabilities. Consequently, it is apparent that the amendment reflected the opinion of the Legislature that such potential liabilities were not required to be reported under the previously existing act, reflects the dissatisfaction of the Legislature in that regard and evidences the intention to change the law to require the reporting of same in the future. To view the effect of the amendment differently would be tantamount to attributing a vain and useless act to the Legislature, a construction which contravenes a fundamental rule of statutory construction. The presumption is that every provision of statute has been intended for some useful purpose and should be given effect. Hunt v. Washington Fire Marine Insurance Co.,381 P.2d 844 (Okl. 1963). The Legislature is never presumed to have done a vain thing Moral Insurance Co. v. Cooksey, 285 P.2d 223 (Okl. 1955). The change of phraseology from that of the original act raises the presumption that a change of meaning was also intended. Irwin v. Irwin, 433 P.2d 931 (Okl. 1965). Where a former statute was clear or its meaning has been judicially settled, an amendment may reasonably indicate legislative intent to alter law. Id. Another basic tenet of statutory construction is that statutes are to be given prospective operation only, unless contrary legislative intent is expressed clearly or necessarily from the language used. Benson v. Blair, 515 P.2d 1363 (Okl. 1973); Mid Continent Gas Co. v. P. H. Supply Inc., 490 P.2d 1358 (Okl. 1971); and Sunray D-X Oil Co. v. Great Lakes Carbon Corp.,476 P.2d 329 (Okl. 1970). Senate Bill 458 contains no retroactive language. The prior Attorney General's Opinion to which you refer in your letter requesting an opinion, Opinion No. 74-156 (7 Okl.Op. A.G. 93), examined the law in existence prior to the passage of Senate Bill 458 and construed the effect of Senate Bill 458 holding as follows: "Based upon this recent legislative enactment, guarantees, loan commitments, letters of credit and any other contractual obligations concerning loans or conditional liabilities to borrowers or lenders should be included in the statement of financial condition filed with the Insurance Commissioner." It is apparent that the holding in Opinion No. 74-156 (7 Okl.Op. A.G. 93) was intended to apply prospectively only, from and after May 29, 1974, the effective date of Senate Bill 458. It is, therefore, the opinion of the Attorney General that your question should be answered in the negative. Prior to the effective date of Senate Bill 458 enacted in the Second Regular Session of the Thirty-fourth Oklahoma Legislature, there was no requirement contained in 36 O.S. 311.2 [36-311.2] that a domestic insurer include contingent liabilities in its statement of financial condition. (WM. DON KISER) (ksg)