CRIMES AND PUNISHMENTS
The Oklahoma Child Abuse Reporting Law found at 21 O.S. 845 [21-845], et seq. (1977) is not limited to only physical abuse but covers mental and sexual abuse as well. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Does the Oklahoma Child Abuse reporting law, at 21 O.S. 845 [21-845] et seq. (1977), cover only physical abuse, or did the 1975 amendment of 845, expand the law to cover all forms of abuse." Senate Bill No. 304, Thirty-fifth Oklahoma Legislature, First Regular Session, amended two statutory provisions of the law pertaining to child abuse which has now been codified at 21 O.S. 845 [21-845] and 21 O.S. 846 [21-846]. Title 21 O.S. 845 [21-845] [21-845] (1977), in defining abuse and neglect, provides, in part: "'Abuse and neglect,' as used herein, means harm or threatened harm to a child's health or welfare by a person responsible for the child's health or welfare. Harm or threatened harm to a child's health or welfare can occur through: Nonaccidental physical or mental injury; sexual abuse, as defined by state law; or negligent treatment or maltreatment, including the failure to provide adequate food, clothing, or shelter." Title 21 O.S. 846 [21-846] (1977) provides, in part: "A. Every physician or surgeon, including doctors of medicine and dentistry, . . . attending or treating a child under the age of eighteen (18) years . . . and every other person having reason to believe that a child under the age of eighteen (18) years has had physical injury or injuries inflicted upon him or her by other than accidental means where the injury appears to have been caused as a result of physical abuse or neglect, shall report the matter promptly to the county office of the Department of Institutions, Social and Rehabilitative Services in the county wherein the suspected injury occurred. . ." Your question refers to the fact that 21 O.S. 845 [21-845], in defining abuse and neglect, covers not only physical, but also mental and sexual abuse; however, 21 O.S. 846 [21-846] prescribing for mandatory reporting uses only the term "physical abuse". In construing the above question, the rule of law in Oklahoma is that when a portion of a body of a statute is uncertain, then the title of the statute may be considered to determine legislative intent. Article V, Section 57, Oklahoma Constitution; Shattuck v. Shattuck, 493 P.2d 829. In this instance, it should be noted that there is no reference to the elements of child abuse, i.e "physical, mental or sexual", but only to the general principle of protecting children against child abuse and providing for reporting procedures in case of child abuse in the title of Senate Bill No. 304. Thus, a reasonable interpretation of the title would indicate that the intention of the Legislature was to provide a definition of child abuse, and a means of reporting such abuse, regardless of the type inflicted upon the child. A further rule of statutory construction provides that when an act is amended and there is a change of phrasing from the original act, there is raised a presumption that a change of meaning is also intended. See Irwin v. Irwin, 433 P.2d 931. Prior to passage of Senate Bill 304, the former statutory language restricted the definition of child abuse to "physical abuse". Specific amendments in Senate Bill 304 expanded that definition to include not only physical abuse but mental and sexual abuse as well. Applying the theory set out in the Irwin case, supra, there can be little question that the intent of the Legislature was to change the meaning of abuse by expanding the term to include both mental and sexual abuse. An absurd result would be obtained if 21 O.S. 846 [21-846] were to be construed to require reporting only of physical abuse when in fact the Legislature has clearly defined child abuse to include mental and sexual abuse as well. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The Oklahoma Child Abuse Reporting Law found at 21 O.S. 845 [21-845], et seq. (1977) is not limited to only physical abuse but covers mental and sexual abuse as well. (PAUL C. DUNCAN) (ksg)