Dear Mr. Frank,
The Attorney General has received your request for an official opinion asking, in effect:
 May an insurer, through separate written endorsements which render coverage void as to named persons, limit liability coverage in a liability insurance policy issued to owners of motor vehicles, under the provisions of 47 O.S. 7-324 (1981)?
Under the provisions of Article III of the Highway Safety Code, 47O.S. 7-301 et seq. (1981), certain classes of persons are required to deposit security in order to be permitted to maintain registration of motor vehicles in their name. 47 O.S. 7-319 (1981). One permitted form of satisfying these security requirements is for such a person to obtain a "motor vehicle liability policy," as outlined in 47 O.S. 7-324 (1981). Of particular pertinence to your question is the following language from that statute:
 "(b) Owner's policy. Such owner's policy of liability insurance:
* * *
 "(c) May by agreement in a separate written endorsement between any named insured and the insurer exclude as insured any person or persons designated by name from coverage under the policy." 47 O.S. 7-324(b)(c) (1981).
The provisions of 47 O.S. 7-324(c), above, were added by the 1980 Legislature in House Bill No. 235, and became effective January 1, 1981. See, 1980 Okla. Sess. Laws, c. 235, 5, 15.
Prior to this 1981 amendment, 47 O.S. 7-324 contained no such exclusionary provision. The predecessor version of 47 O.S. 7-324 was reviewed as to a similar question in Attorney General Opinion No. 79-333, and found not to contemplate permitting the type of exclusionary endorsements referred to in your question. The rationale of that opinion was based upon a determination that the overriding purpose of the Financial Responsibility Act was to mandate liability coverage for vehicle owners responsible for injury or loss, and that endorsements limiting coverage as to such liability which were not expressly authorized by the Legislature contravened the public policies underlying the Act.
This addition to 47 O.S. 7-324 of new subsection (c) plainly provides the legislative authorization found lacking in Attorney General Opinion No. 79-333, as to those cases set forth in the provision. Where the meaning of a former statute was clear, an amendment may reasonably indicate legislative intent to alter the law. Irwin v. Irwin, 433 P.2d 931
(Okla. 1965).
It is, therefore, the official opinion of the Attorney General that aninsurer, through separate written endorsements which render coverage voidas to named persons, may limit liability coverage in a liabilityinsurance policy issued to owners of motor vehicles, under the provisionsof 47 O.S. 7-324 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL