Dear Senate Brown,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
Do the provisions of Section 11-1112 of Title 47 of theOklahoma Statutes authorize law enforcement officers to stopvehicles and issue citations in addition to oral warnings?
¶ 1 In order to answer this question, a brief history of the statute is required. The genesis of the statute is found at 47O.S.Supp. 1983, § 11-1112[47-11-1112], which required child passenger restraint systems for certain vehicles. The statute provided in part:
 A. Every driver when transporting a child under four (4) years of age in a motor vehicle operated on the roadways, streets, or highways of this state shall provide for the protection of said child by properly using the child passenger restraint system or a properly secured seat belt in the rear seat of the motor vehicle. For purposes of this act, "child passenger restraint system" means an infant or child passenger restraint system that meets the federal standards for crash-tested restraint systems as set by the United States Department of Transportation.
 B. Children four (4) or five (5) years of age shall be protected by use of a child passenger restraint system or a seat belt.
. . . .
 D. A law enforcement officer is hereby authorized to stop a vehicle if it appears that the driver of the vehicle has violated the provisions of this section and to give an oral warning to said driver. The warning shall advise the driver of the possible danger to children resulting from the failure to install or use a child passenger restraint system or seat belts in the motor vehicle. A person who violates the provisions of this section shall not be subject to any criminal penalty.
47 O.S.Supp. 1983, § 11-1112[47-11-1112] (emphasis added).[1]
¶ 2 Following this initial enactment of the statute, the Legislature amended Section 11-1112 in 1987 by deleting the emphasized sentence of subsection D that "[a] person who violates the provisions of this section shall not be subject to any criminal penalty." In addition, the amendment added subsection G, which states in part:
 Any person convicted of violating subsection A or B of this section shall be punished by a fine of Ten Dollars ($10.00) and shall pay a maximum of Fifteen Dollars ($15.00) court costs thereof.
¶ 3 In 1995, the Legislature amended subsection A by adding a reference to the size of the child and omitting the option to use a rear seat belt:
 Every driver when transporting a child under four (4) years of age weighing sixty (60) pounds or less in a motor vehicle operated on the roadways, streets, or highways of this state shall provide for the protection of said child by properly using a child passenger restraint system. For purposes of this section . . . of this title, "child passenger restraint system" means an infant or child passenger restraint system that meets the federal standards for crash-tested restraint systems as set by the United States Department of Transportation.
47 O.S.Supp. 1995, § 11-1112[47-11-1112](A) (emphasis added).
¶ 4 When it appears that there is a violation of this statute, a law enforcement officer is authorized to "give an oral warning to said driver." 47 O.S.Supp. 1995, § 11-1112[47-11-1112](D). The question is thus how may the section of the statute providing for an oral warning and the section of the statute providing for a fine be harmonized.
¶ 5 In reviewing 47 O.S.Supp. 1995, § 11-1112[47-11-1112], the "primary object of statutory construction is to ascertain the legislative intent." Midwest City v. Harris, 561 P.2d 1357, 1358 (Okla. 1977). By enacting this statute, the presumption is "that the legislature has expressed its intent in a statute and that it intended what it so expressed." TXO Production v. Oklahoma Corp.Com'n, 829 P.2d 964, 969 (Okla. 1992); see also Fuller v.Odom, 741 P.2d 449, 453 (Okla. 1987).
¶ 6 In amending 47 O.S.Supp. 1983, § 11-1112[47-11-1112], a presumption is raised that a change of meaning was also intended. See Irwinv. Irwin, 433 P.2d 931, 934 (Okla. 1965). In this case, the Court, in interpreting a statutory amendment, stated:
 [W]e are strengthened by the time-honored rules of statutory construction that "a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended."
Irwin v. Irwin, 433 P.2d at 934 (citations omitted).
¶ 7 Another statute relevant to this issue is 47 O.S. 1991, §11-102[47-11-102] which provides that any violation of particular offenses in chapter 11 of Title 47 (which includes 47 O.S.Supp. 1995, §11-1112[47-11-1112]) is a misdemeanor:
 It is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter.
47 O.S. 1991, § 11-102[47-11-102].
¶ 8 In order to give effect to both Section 11-1112 and Section 11-102, "harmony, not confusion, is to be sought, and when parts of an act are reasonably susceptible of a construction which will give effect to both and to the words of each . . . such construction should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict."Independent School Dist. No. 89 of Oklahoma Co. v. Oklahoma CityFederation of Teachers, 612 P.2d 719, 722 (Okla. 1980). The statutes, construed in harmony and taken in conjunction with the 1987 and subsequent amendments, indicate that the legislative intent was to authorize law enforcement officers, upon observing a violation of the statute, to stop a vehicle and give the driver an oral warning pursuant to 47 O.S.Supp. 1995, § 11-1112[47-11-1112](D) or a citation pursuant to 47 O.S. 1991, § 11-102[47-11-102]; where, upon conviction, the penalties of 47 O.S.Supp. 1995, § 11-1112[47-11-1112](G) would apply.
¶ 9 The Legislature, by providing for the issuance of citations, by removing the prohibition against subjecting violators to criminal penalties, and by adding punishment to those who violate the statute, clearly expressed its intent to change the statute to include a Ten Dollar ($10.00) citation as well as the optional warning. To ignore the addition of the citation provision would be to disregard the principles of statutory construction by which we are governed. When legislative intent is clearly stated in a statute "it must be followed without further inquiry." Matter of Request of Hamm Prod. Co.for Ext., 671 P.2d 50, 52 (Okla. 1983). An "amendment may reasonably indicate legislative intent to alter the law." Irwinv. Irwin, 433 P.2d at 934. See also Gordon v. Browning,572 P.2d 603 (Okla.Ct.App. 1977).
¶ 10 In conclusion, the specific amendments to 47 O.S.Supp.1983, § 11-1112[47-11-1112], in conjunction with the provisions of 47 O.S.1991 § 11-102[47-11-102], and the penalties provided in 47 O.S.Supp. 1995,§ 11-1112[47-11-1112](G), lead to the conclusion that the Legislature intended to provide that law enforcement officers may stop violators of 47 O.S.Supp. 1995, § 11-1112[47-11-1112] and issue not only an oral warning but also a citation.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 47 O.S.Supp. 1995, § 11-1112[47-11-1112] (child passengerrestraint system requirements) authorizes law enforcementofficers to stop a vehicle if it appears that the driver of thevehicle has violated the provisions of the statute and further togive an oral warning, issue a citation, or both.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL
[1]Paragraphs C, E and F of the statute are not relevant to the question at hand.
Citationizer© Summary of Documents Citing This Document.