Dear Senator Rozell,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does 11 O.S. 1991, § 49-135, which prohibits employmentof certain individuals as firefighters, prevent a previouslyretired firefighter from returning to work as a firefighter afterhe or she has attained the age of 45 years?
 2. Do the provisions of the Oklahoma Firefighters DeferredOption Plan, 11 O.S. Supp. 2000, § 49-106.1, permanentlyprevent a retired volunteer firefighter from returning to workwith a participating municipality as a firefighter after his orher retirement?
¶ 1 In order to answer these questions we must look not only at the statutory provisions governing the Oklahoma Firefighters Pension Retirement System, 11 O.S. 1991 and Supp. 2000, §§49-100.1 — 49-143.3, but also the rules for statutory construction.
¶ 2 The Oklahoma Firefighters Pension and Retirement System is a state-wide retirement system that provides retirement benefits to its members who are volunteer and paid firefighters of participating municipalities. The term "member" is found in 11O.S. Supp. 2000, § 49-100.1[11-49-100.1](6) and is defined as:
 [A]ll eligible firefighters of a participating municipality or a fire protection district who perform the essential functions of fire suppression, prevention, and life safety duties in a fire department.
Id.
¶ 3 Further, the term "participating municipality" is found in11 O.S. Supp. 2000, § 49-100.1[11-49-100.1](9) and is defined as:
 [A] municipality, county fire department organized pursuant to subsection D of Section 351 of Title 19 of the Oklahoma Statutes, or fire protection district which is making contributions to the System on behalf of its firefighters[.]
Id.
¶ 4 Therefore, all firefighters of a participating municipality, as that term is defined in statutes, are members of the Oklahoma Firefighters Pension and Retirement System.
 I.
¶ 5 In regard to your first question, 11 O.S. 1991, § 49-135[11-49-135]
prohibits individuals from being employed in a fire department when those individuals have reached the age of forty-five unless the individual will be eligible for retirement at age sixty-five or unless he is already retired from a municipal fire department. The statute provides:
 No person shall be employed in a fire department who has reached the age of forty-five (45) years, unless it appears he shall become eligible for retirement at the age of sixty-five (65) years, or unless he be retired from a municipal fire department in the State of Oklahoma. This section shall not apply to professional engineers, or to persons employed as technical specialists on a temporary basis. The State Board shall be authorized to establish the maximum age, within the limits herein prescribed, over which an applicant may not be considered for initial employment, but no person shall be prohibited from making application for reemployment and having such reemployment application considered merely because of his age, provided that such person be under the age of forty-five (45) years, and provided further, that such reemployment shall be with the consent of the fire chief of such municipality.
Id.
¶ 6 The first sentence of the statute states that "[n]o person shall be employed in a fire department who has reached the age of forty-five (45) years . . . unless he be retired from a municipal fire department in the State of Oklahoma." Id.
(emphasis added). The statute further provides that the Oklahoma Firefighters Pension and Retirement Board is authorized to establish the maximum age "within the limits herein prescribed" over which an applicant may not be considered for initialemployment. Id. However, the last sentence of the statute does provide that "no person shall be prohibited from making application for reemployment . . . provided that such person be under the age of forty-five (45) years." Id. (emphasis added).
¶ 7 In construing the various provisions of the statutes governing the Oklahoma Firefighters Pension and Retirement System to ascertain legislative intent, "harmony, not confusion, is to be sought and when parts of an act are reasonably susceptible of a construction which will give effect to both and to the words of each, without violence to either, such construction should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict." Indep. Sch. Dist. No.89 v. Oklahoma City Fed'n of Teachers, 612 P.2d 719, 722
(Okla. 1980) (citation omitted). The first sentence of 11 O.S.1991 § 49-135[11-49-135] provides that a previously retired firefighter can return to work after reaching the age of forty-five provided that the firefighter is retired from a municipal fire department in the State of Oklahoma. See id. The last sentence of Section 49-135 relates to the Oklahoma Firefighters Pension and Retirement Board having the authority, within the parameters established in the statute, to set the maximum age over which any applicant, other than a firefighter previously retired from a municipal fire department in the State of Oklahoma, may not be considered for "initial employment" and that "no person shall be prohibited from making application for reemployment and having such reemployment application considered merely because of his age, provided that such person be under the age of forty-five (45) years, and . . . that such reemployment shall be with the consent of the fire chief of such municipality." Id. (emphasis added). Therefore, Section 49-135 does not prevent a previously retired firefighter from returning to work with a participating municipality as a firefighter after he or she has attained the age of 45 years.
 II.
¶ 8 You next ask about the general retirement statute for the Oklahoma Firefighters Pension and Retirement System which is found in 11 O.S. Supp. 2000, § 49-106[11-49-106]. This statute, which shall be referred to as "Plan A" for purposes of this Opinion, is a retirement plan which provides that a firefighter who reaches the normal retirement date (twenty (20) years of creditable service) has the option to voluntarily retire and begin receiving a monthly pension benefit upon written request. The statute also provides that the service pension will cease during any subsequent time period in which the firefighter serves for compensation in a municipal fire department in the State of Oklahoma. The statute states in part:
 A. Any firefighter who reaches the firefighter's normal retirement date shall be entitled, upon written request, to retire from such service and be paid from the System a monthly pension equal to the member's accrued retirement benefit; provided, that the pension shall cease during any period of time the member may thereafter serve for compensation in any municipal fire department in the state.
Id.
¶ 9 In 1989 the Legislature enacted a new law, 11 O.S. Supp.1989, § 49-106.1[11-49-106.1] which created the Oklahoma Firefighters Deferred Option Plan, which shall be referred to as "Plan B" for purposes of this Opinion. This new plan allowed a firefighter who had served twenty (20) years of credited service to elect to enter the Deferred Option Plan in lieu of terminating employment and accepting a pension under 11 O.S. Supp. 2000, § 49-106[11-49-106].
Section 49-106.1 stated in part:
 A. In lieu of terminating employment and accepting a service retirement pension pursuant to Section 49-106 of this title, any member of the Oklahoma Firefighters Pension and Retirement System who has not less than twenty (20) years of creditable service and who is eligible to receive a service retirement pension may elect to participate in the Oklahoma Firefighters Deferred Option Plan and defer the receipts of benefits in accordance with the provisions of this section.
. . . .
 C. The duration of participation in the Oklahoma Firefighters Deferred Option Plan for active firefighters shall not exceed five (5) years.
 D. When a member begins participation in the Oklahoma Firefighters Deferred Option Plan, the contribution of the employee shall cease. The employer contributions shall continue to be paid in accordance with subsection B of Section 49-122 of this title. Municipal contributions for employees who elect the Oklahoma Firefighters Deferred Option Plan shall be credited equally to the Oklahoma Firefighters Pension and Retirement System and to the Oklahoma Firefighters Deferred Option Plan. The monthly retirement benefits that would have been payable had the member elected to cease employment and receive a service retirement shall be paid into the Oklahoma Firefighters Deferred Option Plan account. Upon termination of employment, the employee may continue participation in the Oklahoma Firefighters Deferred Option Plan as provided for in subsection G of this section.
 E. 1. A member who participates in this plan shall be eligible to receive cost of living increases.
 2. A member who participates in this plan shall earn interest at a rate of two percentage points below the rate of return of the investment portfolio of the System, but no less than the actuarial assumed interest rate as certified by the actuary in the yearly evaluation report of the actuary. The interest shall be credited to the individual account balance of the member on an annual basis.
. . . .
 G. A participant in the plan shall receive at the option of the participant, a lump sum payment from the account equal to the payments to the account, or a true annuity based upon the account of the participant or may elect any other method of payment if approved by the Board of Trustees
11 O.S. Supp. 1989, § 49-106.1[11-49-106.1].
¶ 10 In 1990 the Legislature amended subsections C and D of Section 49-106.1. The amendment to subsection C provided that those individuals who entered Plan B must terminate employment with all participating municipalities and must begin to receive a service pension benefit. The amended subsection C of the statute states:
 C. The duration of participation in the Oklahoma Firefighters Deferred Option Plan for active firefighters shall not exceed five (5) years. At the conclusion of a member's participation in the Oklahoma Firefighters Deferred Option Plan, the member shall terminate employment with all participating municipalities as a firefighter, and shall start receiving the member's accrued monthly retirement benefit from the System.
11 O.S. Supp. 1990, § 49-106.1[11-49-106.1] (emphasis added).
¶ 11 In addition, the amendment to subsection D of Section 49-106.1 deleted the last sentence which previously provided that:
 Upon termination of employment, the employee may continue participation in the Oklahoma Firefighters Deferred Option Plan as provided in subsection G of this section.
Id.
¶ 12 In reviewing statutes we must determine the legislative intent and in doing so must look at the statutory construction "and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep.Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982) (footnote omitted). The original version of the statute, 11 O.S. Supp.1989 § 49-106.1[11-49-106.1], provided only that the duration of participation in Plan B could not exceed five (5) years. There was no reference as to what the status of the firefighter would be following participation in Plan B, nor was there any mandatory language requiring a firefighter to terminate employment. Further, the original statute allowed firefighters to continue participation in Plan B. The Legislature, through its 1990 amendment to this statute, imposed certain mandatory requirements upon those firefighters who elect to participate in Plan B. At the conclusion of the 5 years of participation in Plan B, "the member shall terminate employment with all participating municipalities as a firefighter, and shall start receiving the member's accrued monthly retirement benefit from the System." 11O.S. Supp. 1990, § 49-106.1[11-49-106.1](C). Through this amendment the Legislature altered the provisions of 11 O.S. Supp. 1989 §49-106.1[11-49-106.1] by requiring members to terminate employment as firefighters with all participating municipalities as well as requiring those firefighters to begin receiving their monthly retirement benefit.
¶ 13 In addition, the Legislature expressed its intent that termination is to be final and preclude further participation when it deleted the last sentence of 11 O.S. Supp. 1989 §49-106.1[11-49-106.1](D). As was noted by the Oklahoma Supreme Court inIrwin v. Irwin, 433 P.2d 931, 934 (Okla. 1965), "a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended. Where the former statute was clear . . . the amendment may reasonably indicate legislative intent to alter the law." Id. (citation omitted).
¶ 14 Unlike the Plan A statute, which provides that those firefighters who reach normal retirement date have the option
to retire and begin receiving a pension benefit, the Plan B statute requires those firefighters who enter Plan B to terminate employment and begin receiving a service pension. The Legislature specifically addressed subsequent reemployment of retired firefighters in Plan A by providing that the pension of a retired firefighter who is reemployed by a municipal fire department "shall cease during any period of time the member may thereafter serve for compensation in any municipal fire department in the state." 11 O.S. Supp. 2000, § 49-106[11-49-106](A). However, the Legislature was silent on this issue relating to Plan B participants even though it had the opportunity to address it when amending the Plan B statute in 1990. Had the Legislature intended to allow a retired firefighter to be reemployed after participating in Plan B, it would have so provided in the statute as it did for those in Plan A. There is a presumption "that the legislature has expressed its intent in a statute and that it intended what it so expressed." TXO Prod. Corp. v. OklahomaCorp. Comm'n, 829 P.2d 964, 969 (Okla. 1992) (footnote omitted).
¶ 15 In addition, the Plan B statute specifically provides, "In lieu of terminating employment and accepting a service retirement pension pursuant to Section 49-106 of this title" the firefighter can elect to participate in Plan B. 11 O.S. Supp. 2000, §49-106.1[11-49-106.1](A). There is no statute defining the term "in lieu of"; therefore, it is assumed "that the lawmaking authority intended for [the term] . . . to have the same meaning as that attributed to [it] . . . in ordinary and usual parlance." Riffe PetroleumCo. v. Great Nat'l Corp., 614 P.2d 576, 579 (Okla. 1980). Webster's Dictionary defines the term as "in the place of; instead of." Webster's Third New International Dictionary 1306 (3d ed. 1993). Therefore, a firefighter who elects to participate in Plan B does so "in place of" terminating employment and accepting a retirement pension under Plan A. The firefighter is opting to retire under the retirement plan provisions of Plan B instead of terminating employment and retiring under Plan A.
¶ 16 Therefore, those firefighters who have retired under the provisions of 11 O.S. Supp. 2000, § 49-106[11-49-106] (Plan A), may be reemployed in a municipal fire department during which time their monthly pension benefits shall cease. Those firefighters who elect, "[i]n lieu of terminating employment and accepting a service retirement pension" under Section 49-106, to enter the Deferred Option Plan and conclude participation as provided by Section 49-106.1 (Plan B), are required to terminate employment with all participating municipalities, begin receiving a monthly pension benefit, and cannot subsequently be reemployed with a participating municipality as a firefighter.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Pursuant to 11 O.S. 1991, § 49-135[11-49-135] retired firefightersare not prevented from being reemployed with a participatingmunicipality as firefighters after they have attained the age offorty-five (45) years.
 2. Those firefighters who elected to enter the DeferredRetirement Option Plan, 11 O.S. Supp. 2000, § 49-106.1, andwho have concluded participation and retired under this plan areprevented from returning to work with a participatingmunicipality as firefighters after their retirement.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL