Dear Bond Advisor Joseph,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the Director of the Department of Central Services have any authority over where the Office of State Finance mandated cuts are made in the funds appropriated for the State Bond Advisor, or are such cuts the responsibility of the Oklahoma State Bond Advisor?
 2. Does the Director of the Department of Central Services have the authority to furlough the Oklahoma State Bond Advisor or any of the Oklahoma State Bond Advisor's staff, or are budget revisions for the office the responsibility of the Oklahoma State Bond Advisor?
 Department Of Central Services
¶ 1 The Department of Central Services is an "Executive Department . . . under the administrative control of the Director of Central Services," that provides a wide range of services for Oklahoma State government. 74 O.S. 2001, § 61.2[74-61.2]. Administrative rules for the Department have been promulgated and are found at OAC 580:1-1-1 through 580:65-1-6. The Office of Public Affairs was renamed the Department of Central Services in 1992 by the Legislature. 1992 Okla. Sess. Laws ch. 37, § 2 (amending 74 O.S.1991, § 61.2[74-61.2]).
 Oklahoma State Bond Advisor
¶ 2 The statutory creation of the Oklahoma State Bond Advisor ("State Bond Advisor") is found at 62 O.S. 2001, § 695.7[62-695.7]. The statute states that the State Bond Advisor shall be "a person knowledgeable in the current state of the art of national and international standards for the issuance of obligations by governmental entities and experienced in the negotiation of fees for various goods and services requisite to or deemed desirable in the issuance of such obligations as well as the negotiation of other matters essential to provide the best current price and terms of the issuance of such obligations for the benefit of Oklahoma firms, farms, individuals and local communities. . . ."Id. § 695.7(A). Currently the Council of Bond Oversight approves the State Bond Advisor.[1] The State Bond Advisor is part of the Oklahoma Bond Oversight and Reform Act ("Act"),62 O.S. 2001, §§ 695.1-695.11A[62-695.1-695.11A].[2] Id. § 695.7.
 The Role Of The State Bond Advisor Within The Department Of Central Services
¶ 3 The Act was enacted in 1987 by the Oklahoma Legislature.See 1987 Okla. Sess. Laws ch. 222, §§ 91-101 (codified at 62 O.S. Supp. 1987, §§ 695.1-695.11[62-695.1-695.11]). The State Bond Advisor was created by Section 97(B), which provided among other things, "The Oklahoma State Bond Advisor shall be a position within the Office of Public Affairs." Id. (codified at 62 O.S. Supp. 1987, § 695.7[62-695.7](B)). Amendments by the Oklahoma Legislature in 1988 and 1989 to Section 695.7(B) left this language intact. In 1990, the Oklahoma Legislature amended this provision to read:
 The Oklahoma State Bond Advisor shall be an independent position within the Office of Public Affairs. The Oklahoma State Bond Advisor may employ the necessary staff to carry out the duties of the Bond Advisor and the duties of the [Executive and Legislative Bond Oversight] Commissions, with approval of the Commissions.
1990 Okla. Sess. Laws ch. 342, § 2(B) (amending 62 O.S. Supp.1989, § 695.7[62-695.7](B)) (emphasis added). In 1998, the Oklahoma Legislature amended this language, changing the Office of Public Affairs to the Department of Central Services. See 1998 Okla. Sess. Laws ch. 188, § 1(B).
¶ 4 The State Bond Advisor is referred to only three times in statutes pertaining to the Department of Central Services:
 K. 4. B. The Executive Bond Oversight Commission and the Legislative Bond Oversight Commission shall have the authority to extend the term of a lease-purchase agreement beyond three (3) years for personal property and ten (10) years for real property if the State Purchasing Director determines that the useful life of the property exceeds the terms and the Oklahoma State Bond Advisor recommends the extension as being in the best interests of this state.
 5. . . . The State Purchasing Director shall consult with the Oklahoma State Bond Advisor on the preparation, evaluation, and negotiation of such financing. . . .
. . . .
 M. 1. Before reoffering or remarketing an obligation, a state agency shall obtain written approval from the Oklahoma State Bond Advisor. Should a remarketing of a lease-purchase agreement be proposed that includes the remarketing of securities or obligations to more than a single investor, any disclosure language prepared in connection with such remarketing that describes the state's liability under the lease-purchase agreement shall be approved in advance, in writing, by the Oklahoma State Bond Advisor.
74 O.S. 2001, § 85.4[74-85.4] (emphasis added).
¶ 5 Each reference relates only to the duties of the Oklahoma Bond Advisor, not to the relationship between the Department of Central Services and the Oklahoma Bond Advisor. In addition to the requirements under the Act, the State Bond Advisor has other statutory duties and obligations.[3]
 "Independent" Position
¶ 6 While the State Bond Advisor performs peripheral duties within the Department of Central Services, the position is "independent" within that department. 62 O.S. 2001, § 695.7[62-695.7](B). Words in a statute are to be understood in their ordinary sense.See 25 O.S. 2001, § 1[25-1]; Neer v. State ex rel. Okla. TaxComm'n, 982 P.2d 1071, 1078 (Okla. 1999) (citation omitted). The plain meaning of independent is "not dependent: as a (1): not subject to control by others: not subordinate: self-governing, autonomous, free." Webster's Third New International Dictionary 1148 (3d ed. 1993). Originally, the State Bond Advisor was a position within the Department of Central Services; however, the Oklahoma Legislature in 1990 specifically made that position "independent." 62 O.S. 2001, §695.7[62-695.7](B). As was noted by the Oklahoma Supreme Court in Irwinv. Irwin, 433 P.2d 931, 934 (Okla. 1965), "a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended. Where the former statute was clear . . . the amendment may reasonably indicate legislative intent to alter the law." Id. (citations omitted).
 Administrative Support
¶ 7 Guidance on what "independent" means can be gleaned from the rules of the Department of Central Services. OAC 580:1-1-4
provides:
 (b) The Office of Public Affairs also administratively supports the State Bond Advisor,
the Capitol-Medical Center Improvement and Zoning Commission, the Public Employees Relations Board, the Santa Claus Commission, the Oklahoma Capitol Improvement Authority, and the State Capitol Preservation Commission.
Id. (emphasis added).
¶ 8 Many Oklahoma Statutes provide for administrative support within agencies.[4] Specific statutory language includes:
 Administrative support for the Interagency Council for Services to Mentally Ill Homeless Persons, including but not limited to personnel necessary to ensure the proper performance of the duties and responsibilities of the Council, shall be provided by the Department of Human Services.
43A O.S. 2001, § 3-250[43A-3-250](D) (emphasis added).
 The State Department of Health shall provide administrative support, including, but not limited to, office space, equipment, and furnishings, for the [Oklahoma Professional Boxing] Commission and shall manage the Commission's funds. Persons employed by the Commission shall serve at the direction and pleasure of the Commission but shall, in all other matters relating to employment, be unclassified employees of the State Department of Health.
3A O.S. 2001, § 605[3A-605](C) (emphasis added).
 The State Department of Health shall provide all necessary administrative support, including, but not limited to, office space, equipment, furnishings, and legal staff support for the Board and may manage the Board's funds, subject to Board approval. . . . Employees shall be under the general direction of the Construction Industries Administrator and the Construction Industries Board, but in all other respects shall be employees of the Department of Health.
59 O.S. Supp. 2002, § 1000.4[59-1000.4](C) (emphasis added).
 The [Post-secondary Oversight] Council shall have no employees and shall receive no funds. Clerical assistance, meeting space, and other administrative support shall be provided by the State Regents and the State Board of Career and Technology Education upon request of the Council or any of its officers.
70 O.S. 2001, § 5001[70-5001](D) (emphasis added).
¶ 9 None of these expanded statutory descriptions of "administrative support" indicate being dependent, subject to control by others, or subordinate. Instead, providing goods and services is described. Thus, the Director of the Department of Central Services does not have authority over the State Bond Advisor.
 Funding For The State Bond Advisor
¶ 10 Funding for the State Bond Advisor comes from two sources. First, fees are authorized for approved issuer applications.See 62 O.S. 2001, § 695.8[62-695.8]; OAC 90:10-5-1. The fee schedule is found at OAC 90:10-5-2. General revenue funds are also appropriated to the State Bond Advisor. For the fiscal year ending June 30, 2003, the Bond Advisor had a line item in the Department of Central Services budget for an appropriation from general revenue of $198,111 and a total budget of $364,000.[5] The monies flow to the "Bond Oversight Revolving Fund":
 There is hereby re-created in the State Treasury a revolving fund for the Department of Central Services, to be designated the "Bond Oversight Revolving Fund". The fund shall be a continuing fund, not subject to fiscal year limitations, and shall consist of fees collected by the Executive Bond Oversight Commission and the Legislative Bond Oversight Commission as authorized by Section 695.8 of Title 62 of the Oklahoma Statutes and any other monies provided for by law. All monies accruing to the credit of said fund are hereby appropriated and may be budgeted and expended by the Department of Central Services for expenses related to the Oklahoma Bond Oversight and Reform Act.
62 O.S. 2001, § 695.8a (emphasis added). These funds provide administrative support for the State Bond Advisor by the Department of Central Services.
¶ 11 This fund is not just general revenue money, subject to reductions imposed by the Office of State Finance due to revenue shortfalls. The function of the Department of Central Services with regard to this account is accounting in nature and nothing in the statutes authorizes the Department of Central Services to regulate how the money in the revolving fund may be spent.
 ¶ 12 It is, therefore, the official Opinion of the Attorney General that:
 1. The Director of the Department of Central Services has no authority to impose specific budget cuts on funds appropriated for the Oklahoma State Bond Advisor. Decisions regarding budget cuts are the responsibility of the Oklahoma State Bond Advisor. 62 O.S. 2001, § 695.7(B).
 2. The Director of the Department of Central Services has no authority to impose furloughs on the Oklahoma State Bond Advisor or any member of the Oklahoma State Bond Advisor's staff. Decisions as to whether furloughs will be used to implement Office of State Finance mandated budget cuts are the responsibility of the Oklahoma State Bond Advisor. 62 O.S. 2001, § 695.7(B).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] Under Section 695.7(A), the Executive and Legislative Bond Oversight Commissions in a joint meeting approve the State Bond Advisor. On September 24, 2002, the Oklahoma Supreme Court found the Legislative Bond Oversight Commission violated Oklahoma's constitutional separation of powers provision. See In re Okla.Dep't of Transp., 2002 WL 31110934, P.3d (Okla. 2002). The Council of Bond Oversight statutorily assumed the powers, duties and responsibilities of both the Executive and Legislative Bond Oversight Commissions as a result of that decision. 62 O.S.2001, § 695.11A[62-695.11A](A).
[2] Administrative rules for the Act have been promulgated and are found at OAC 90:1-1-1 through 90:15-15-2.
[3] I.e., see Oklahoma Private Activity Bond Allocation Act,62 O.S. 2001, §§ 695.21-695.26[62-695.21-695.26]; Oklahoma Development Finance Authority Act, 74 O.S. 2001, §§ 5062.1-5062.22[74-5062.1-5062.22]; State Capital Improvement Planning Act, 62 O.S. 2001, §§ 900-901[62-900-901]; University Hospitals Authority Act, 63 O.S. 2001 Supp. 2002, §§3201-3228; Oklahoma Tourism and Recreation Act, 74 O.S. 2001 Supp. 2002, §§ 1801-1839; Local Development Act, 62 O.S. 2001 Supp. 2002, §§ 850-869; Local and Regional Capital Improvement Planning Process Act, 62 O.S. 2001, §§ 910-912[62-910-912]; Credit Enhancement Reserve Fund Act, 74 O.S. 2001 Supp. 2002, §§5063.1-5063.19.
[4] I.e., see Oklahoma House of Representatives and the Oklahoma Senate for the Task Force on Behavioral Health, 43A O.S. 2001, § 3-113.1[43A-3-113.1](D); Oklahoma Criminal Justice Resource Center for the Oklahoma Sentencing Commission, 57 O.S. 2001, §508.2[57-508.2](C)(11); Legislative Service Bureau for the Oklahoma Criminal Justice Resource Center, id. § 508.2(D); Oklahoma Commission on Children and Youth for community partnership boards, 10 O.S. 2001, § 601.11[10-601.11](D)(4); Department of Corrections for the Community Sentencing Division, 22 O.S. 2001, §988.14[22-988.14](B); State Department of Health for the Committee of Home Inspector Examiners, 59 O.S. 2001, § 858-624[59-858-624](G); Legislative Service Bureau for the Cash Management and Investment Oversight Commission, 62 O.S. 2001, § 71.1[62-71.1](D); Criminal Justice Resource Center for the Oklahoma Council on Violence Prevention, 63 O.S.2001, § 1-250[63-1-250](E); Oklahoma Historical Society for the Oklahoma Capitol Complex and Centennial Commemoration Commission, 73 O.S.2001, § 98.3[73-98.3](E); Oklahoma Department of Environmental Quality for the Oklahoma Hazardous Materials Emergency Response Commission, 27A O.S. 2001, § 4-2-102[27A-4-2-102](E)(1)(a); Office of State Auditor and Inspector for the Oklahoma State Pension Commission, 74 O.S. Supp. 2002 § 941[74-941](C).
[5] 2002 Okla. Sess. Laws ch. 357, § 12.