Dear Secretary Zumwalt,
¶ 0 This office has received the request of your predecessor, Dr. George M. Brown, Jr., for an Opinion asking, in effect, the following question:
 The Physical Therapy Practice Act[1] at 59 O.S. 1991, § 887.6(B) requires that an applicant for a license to practice as a physical therapist shall have graduated from a school of physical therapy approved by a national accrediting body which has been recognized by the State Board of Medical Licensure and Supervision. The only national accrediting body for physical therapy schools is the Commission on Accreditation of Physical Therapy Education, and it has been recognized by the Board of Medical Licensure and Supervision in its rules at OAC 435:20-3-1(a).
 The rules of the Board of Medical Licensure and Supervision at 435:20-3-1(b) and (c) provide a method for approval of applicants trained outside the United States which does not require graduation from an accredited school. Is this rule for foreign-trained therapists valid in view of the applicable statutes?
¶ 1 To answer your question, we must determine whether the rule of the State Board of Medical Licensure and Supervision (the "Board") governing physical therapists trained outside the United States is within the Board's statutory authority.
¶ 2 The statutory provision relevant to your question addresses the education requirement for an applicant for a physical therapy license:
 In addition to the requirements provided by subsection A of this section, an applicant for a license to practice as a physical therapist shall have graduated from a school of physical therapy approved by a national accrediting body which has been recognized by the Board.
59 O.S. 1991, § 887.6[59-887.6](B) (emphasis added).
¶ 3 The Board's rules at 435:20-3-1(a) state that an applicant must have graduated from a school of physical therapy accredited by the Commission on Accreditation of Physical Therapy Education ("CAPTE") or approved successor organization. You inform us that there is no other national accrediting body.
¶ 4 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Independent School District No. 16 of Payne County,648 P.2d 26, 29 (Okla. 1982). Thus, we must determine whether it was the purpose of the Legislature to allow approval of education from a non-accredited school when the school is outside the United States.
 I. THE BOARD'S RULE FOR INDIVIDUALS RECEIVING PHYSICAL THERAPY TRAINING OUTSIDE THE UNITED STATES
¶ 5 The Board in its rules has set standards to be met by those who received physical therapy training outside the United States. These requirements are prerequisites for being allowed to sit for the physical therapy licensure examination. OAC 435:20-3-5. The rule, in pertinent part, provides as follows:
 (b) Training outside the U.S. In the event an individual received physical therapy training outside the United States of America, the physical therapy educational qualifications must be equal to or exceed the standards established for graduates of the American physical therapy schools, and in addition, evidence must be presented of having a minimum of six (6) months of clinical experience under the direct supervision of an Oklahoma licensed physical therapist employed in the State of Oklahoma. Such evidence shall be in the form of a written statement provided by the licensed physical therapist and shall include verification of the applicant's clinical and professional aptitudes as a Physical Therapist or Physical Therapy Assistant. Evidence shall be submitted of successful completion of English proficiency requirements.
 (c) Evaluation of credentials for applicants trained outside the U.S. The credentials of an individual who has received training outside the United States of America will be evaluated on individual merits for the purposes of:
 (1) Issuance of a Letter Granting Permission to Practice Temporarily
(2) Permission to take the licensure examination
 (3) Being issued a permanent license contingent upon meeting the experience requirements set out in (b) of 435:20-3-1
OAC 435:20-3-1.
¶ 6 Within the rule is the tacit recognition that these foreign-trained individuals will not have graduated from an accredited school. Notice the requirement that their "physical therapy educational qualifications must be equal to or exceed the standards established for graduates of the American physical therapy schools." OAC 435:20-3-1(b). Also note that their credentials "will be evaluated on individual merits." OAC435:20-3-1(c). These requirements have no application to those who have graduated from a school accredited by CAPTE. The rules for foreign-trained individuals are an attempt to establish equivalency of education for those who have not graduated from an accredited school.[2]
¶ 7 The rule in question was promulgated in 1980. At that time, the statutory requisite for education was different from today's requirement. In 1980, Section 887.6 of Title 59 read, in pertinent part:
 To be eligible for licensure as a physical therapist or physical therapy assistant an applicant must:
. . . .
 B. have been graduated by a school of physical therapy approved by the board if applying for a license as a physical therapist. . . .
59 O.S. 1971, § 887.6[59-887.6] (emphasis added).
¶ 8 It was within this context of approving physical therapy schools that the Board in 1980 adopted its present rule providing for accreditation in 435:20-3-1(a) or training outside the United States in 435:20-3-1(b). There was no question of possible incompatibility between the rule and the statutes at that time.
 II. THE CURRENT STATUTORY EDUCATIONAL REQUIREMENT FOR APPLICANTS FOR LICENSURE AS PHYSICAL THERAPISTS
¶ 9 In 1987, Section 887.6(B) of Title 59 was amended. The requirement for graduation from a school of physical therapy approved by the Board was replaced by the current requirement for graduation from a school of physical therapy approved by a national accrediting body recognized by the Board. The rule on qualifications of applicants was not changed.
¶ 10 One canon of statutory interpretation is that "[w]here the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate legislative intent to alter the law." Irwin v. Irwin, 433 P.2d 931, 934 (Okla. 1965) (citations omitted).
¶ 11 Section 887.6(B) prior to 1987 was clear in providing that the acceptable education was a school of physical therapy approved by the Board. Thus, when the statute was changed in 1987 to require that a school be approved not by the Board but by a national accrediting body recognized by the Board, it altered the law. No longer was the Board the entity which evaluated an educational program — that task was given to an accrediting body.
¶ 12 Section 887.6 of Title 59 in its current version mandates that a physical therapist be graduated from a school approved by a national accrediting body recognized by the Board. It makes no distinction between foreign and domestic schools, only between accredited and unaccredited schools.
 III. CONSIDERATION OF RULE REGARDING APPLICANTS FOR LICENSURE TRAINED OUTSIDE THE UNITED STATES IN LIGHT OF STATUTORY EDUCATIONAL REQUIREMENTS FOR APPLICANTS FOR LICENSURE
¶ 13 The Board has the power to adopt rules in conjunction with the Physical Therapy Practice Act. 59 O.S. 1991, § 887.5[59-887.5](1). Nevertheless, the rule-making power of an administrative board must be exercised within the confines of the Board's statutory authority. A State agency has only the powers granted by the statutes applicable to it, and the authority to make rules to carry out those powers does not mean that an agency by rulemaking can "extend [its] powers beyond those granted and fixed by statute." Oklahoma Alcoholic Beverage Control Board v. Moss,509 P.2d 666, 668 (Okla. 1973).
¶ 14 "[A]n agency created by statute may only exercise the powers granted by statute and cannot expand those powers by its own authority." Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980).
¶ 15 The Board's rule on training outside the United States goes beyond the Legislature's statutory provisions. It is thus promulgated in derogation of legislative purposes rather than in aid of such purposes. See Application of State Board of MedicalExaminer, 206 P.2d 211 (Okla. 1949). Therefore, it lacks validity.
 CONCLUSION
¶ 16 The State has an interest in protecting its citizens from unqualified physical therapists. The Legislature has enacted requirements that attempt to insure competency. Not only must an applicant be of good moral character (59 O.S. 1991, §887.6[59-887.6](A)(1)), and pass an examination (59 O.S. 1991, §887.6[59-887.6](A)(2)), the applicant must have met certain standards of education and training (59 O.S. 1991, § 887.6[59-887.6](B)).
¶ 17 In 1987, the Legislature set the education standard and removed from the Board the burden of deciding which schools of physical therapy should be approved. The Legislature directed that the acceptable school of physical therapy for any applicant was one approved by a national accrediting body recognized by the Board.
¶ 18 The Board's rule which gave rise to your question sets different standards for those trained outside the United States. In effect, it allows the Board to approve education from non-accredited schools. In so doing, the rule exceeds the power granted to the Board by statute.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The rule of the State Board of Medical Licensure and Supervision at OAC 435:20-3-1(b) that provides a method for the Board to evaluate and approve educational qualifications of individuals who received physical therapy training outside the United States is invalid in that it goes beyond the statutory requirement at 59 O.S. 1991, § 887.6(B) that a physical therapist must have graduated from a school of physical therapy approved by a national accrediting body recognized by the Board.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] 59 O.S. 1991, §§ 887.1[59-887.1] to 887.18.
[2] The adequacy of the rule's standards for establishing equivalency is not being questioned. Rather, the issue is whether the statute allows for approval of any education other than that from a school approved by a national accrediting body.