Dear Chairman Andre Moore
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is the Ardmore Higher Education Program Board of Trustees ("AHEP Board of Trustees") a subordinate entity of the Oklahoma State Regents for Higher Education ("State Regents")?
 2. May the AHEP Board of Trustees develop and implement its own strategic plans, conduct the necessary analysis to formulate those plans, and petition the Legislature to make changes to its enabling legislation?
 3. May the AHEP Board of Trustees transact legal purchases and set working conditions for its employees, subject to state and federal laws and regulations, acting on its own authority without the express consent or approval of the State Regents?
 4. May the State Regents establish policies or procedures that exert fiscal control over the AHEP Board of Trustees and/or its authorized fiscal agent?
 I. INTRODUCTION
Your questions require an analysis of the powers and authority of the AHEP Board of Trustees in relationship to the State Regents regarding the administration of the Ardmore Higher Education Program ("AHEP") at the Ardmore Higher Education Center in Ardmore, Oklahoma.[1] The AHEP Board of Trustees was created by statute in 1974[2] and the State Regents were created by the Oklahoma Constitution, ArticleXIII-A, Section 2. Both entities are governed by Article II of the Higher Education Code that pertains to the Oklahoma State System of Higher Education ("State System"). 70 O.S. 2001 Supp.2006, §§ 3201 — 3244.
 II. ARDMORE HIGHER EDUCATION PROGRAM BOARD OF TRUSTEES
The Ardmore Higher Education Program was initially administered by the State Regents. See 1974 Okla. Sess. Laws ch. 233, § 5. From 1974 through 1976 and in 1978 the Legislature appropriated funds for the AHEP to be allocated and administered by the State Regents. See id.; 1975 Okla. Sess. Laws ch. 294, § 8; 1976 Okla. Sess. Laws ch. 220, § 6; 1978 Okla. Sess. Laws ch. 292, § 6.
In 1985 the Legislature removed the only language from Section 3213 pertaining to the State Regents' authority to administer funds appropriated for the AHEP. The deleted language in relevant part stated:
 There is hereby appropriated to the [State Regents], from the General Revenue Fund of the State Treasury, for the fiscal year ending June 30, 1976, not otherwise appropriated, One Hundred Fifty Thousand Dollars ($150,000.00) to underwrite the costs of carrying out this program in said fiscal year, and the State Regents shall allocate and administer these funds for this purpose.[3]
1985 Okla. Sess. Laws ch. 317, § 7 (footnote added). Together with this amendment, the Legislature placed the program under the administration of the AHEP Board of Trustees by adding subsection B to Section 3213, in pertinent part providing:
 B. There is hereby created a board of nine (9) trustees to be appointed by the Governor by and with the consent of the Senate to serve as the administrative agency for the Ardmore Higher Education Program. The Board so created shall have the same powers and duties and shall serve the same terms of office as members of the board of trustees for the University Center at Tulsa.
Id. (emphasis added).[4]
Legislation creating the authority of the University Center at Tulsa Board of Trustees was concurrently enacted. See 1985 Okla. Sess. Laws ch. 317, § 5. The language establishing the powers and duties of the University Center at Tulsa Board of Trustees, which replaced the State Regents' appointed "advisory board," stated:
 Such board shall be a body corporate and shall adopt and use an official seal. The advisory board so created shall . . . have the authority to submit a budget annually to the [State Regents], administer funds budgeted by the State Regents, negotiate agreements with institutions for courses and programs of study approved by the State Regents, provide
educational facilities . . ., recommend courses and programs to be offered by participating institutions, select a chief executive officer whose duties include the general coordination of approved programs and services and the selection of other appropriate nonteaching personnel. For purposes of acquiring and taking title to real and personal property from sources other than state appropriations, the board is authorized to enter into contracts and to adopt rules and regulations pertaining to such actions.
1985 Okla. Sess. Laws ch. 317, § 5.
In 1988, the Legislature amended Section 3213 to add a tenth member to the AHEP Board of Trustees. 1988 Okla. Sess. Laws ch. 272, § 8(B). Also, under subsection A, the Legislature qualified certain provisions which authorized the State Regents to establish accounts for the fiscal service of the AHEP by the Office of State Finance by adding the following language:
 Such funds and accounts shall be subject to the direct supervision, management, and control of the board trustees created by [this statute].
Id.
In 1992, the Legislature enumerated the powers and duties of the AHEP Board of Trustees in Section 3213 and deleted the reference to the University Center at Tulsa. See 1992 Okla. Sess. Laws ch. 223, § 6(B). The current form of 70 O.S. 2001, § 3213[70-3213], which includes the 1992 amendment, states in relevant part:
 A. The Oklahoma State Regents for Higher Education shall make educational program resources at institutions in The Oklahoma State System of Higher Education available to the people in the Ardmore area. The State Regents shall draw upon the educational programs of institutions best suited to provide the kind of educational programs needed and shall, in pursuance of Article XIII-A of the Constitution of Oklahoma and appropriate statutes, set the standards of education as they relate to the programs operated to assure that credits earned by students will be fully accepted at institutions of higher education to which the students may transfer the credit to apply toward an educational study objective. The State Regents may establish appropriate funds and accounts, including a revolving fund, in the Office of State Finance for servicing the fiscal operations of the Ardmore Higher Education Program. Such funds and accounts shall be subject to the direct supervision, management, and control of the board of trustees created by subsection B of this section. The people locally shall provide suitable physical plant accommodations for the program.
 B. There is hereby created a board of ten (10) trustees to be appointed by the Governor by and with the consent of the Senate to serve as the administrative agency for the Ardmore Higher Education Program. Such board shall be a body corporate and shall adopt and use an official seal. The board so created shall have the authority to submit a budget annually to the Oklahoma State Regents for Higher Education, administer monies budgeted by the State Regents, negotiate agreements with institutions for courses and programs of study approved by the State Regents, provide educational facilities, recommend courses and programs to be offered by participating institutions, select a chief executive officer whose duties include the general coordination of approved programs and services and the selection of other appropriate nonteaching personnel. The board of trustees is authorized to expend all monies allocated to the Ardmore Higher Education Program as may be necessary to perform the duties and responsibilities imposed upon the board by this section. For purposes of acquiring and taking title to real and personal property from sources other than state appropriations, the board is authorized to enter into contracts and to adopt rules and regulations pertaining to such actions.
Id. (emphasis added).
 III. OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION
The State Regents are the coordinating board of control for the entire State System. See OKLA. CONST. art. XIII-A, § 2; 70 O.S. Supp.2006, § 3206; A.G. Opin. 80-204, at 344-45. With regard to the constitutional authority of the State Regents we have previously recognized:
 This constitutional grant of authority has only rarely been examined by the courts of this state, but primarily extends to the setting of standards of higher education that must be adhered to by the institutions of the State System, to the conferring of authorization to the various institutions to conduct certain courses of study and to award degrees and other forms of academic recognition, and to oversight of the fiscal needs of the various schools.
A.G. Opin. 88-12, at 23 (citing OKLA. CONST. art. XIII-A, §§ 2, 3). We have also recognized that, although the constitutional authority of the State Regents provides it with the exclusive authority to oversee the State System, the Constitution stops short of granting the State Regents specific "governance" authority with regard to the day-to-day operations of the entities within the State System. Id. As a consequence, one must look to the statutes of the State to determine if any such authority exists. Id.
Title 70 O.S. 2001, § 3213[70-3213] sets forth the powers of the State Regents with specific regard to the AHEP. Pursuant to 70 O.S. 2001, § 3213[70-3213](A), the State Regents are charged with making the educational program resources of institutions available to people of the Ardmore area (through the AHEP) by drawing upon institutions best suited to provide the kind of educational programs needed. The State Regents are to set the standards of those programs to assure that credits earned by students will be fully accepted at institutions of higher education to which the students may transfer. Id. Additionally, the State Regents may establish appropriate funds and accounts in the Office of State Finance for servicing the fiscal operations of the AHEP. Id. The State Regents are also responsible for receiving the budget of the AHEP Board of Trustees, allocating monies to the AHEP Board of Trustees, and approving courses and programs of study provided by the AHEP pursuant to negotiated agreements between the AHEP Board of Trustees and educational institutions. Id. § 3213(B).
While there are multiple statutory provisions elsewhere in the Higher Education Code aside from70 O.S. 2001, § 3213, which prescribe other powers and duties to the State Regents, those powers are consistent with the State Regents' role as the coordinating board of control for the entire State System and most specifically apply to the State Regents' interaction with institutions of the State System. See 70 O.S. 2001, §§ 3201[70-3201] — 3244 (Article II of the Higher Education Code). In reviewing these statutes, we find no expression of legislative intent that would support the notion that the State Regents have specific powers with regard to the day-to-day operations of the AHEP. Id.
 IV. THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION
The State System was created by the Oklahoma Constitution, ArticleXIII-A, Section 1, as follows:
 All institutions of higher education supported wholly or in part by direct legislative appropriations shall be integral parts of a unified system to be known as "The Oklahoma State System of Higher Education."
Id.
Title 70 O.S. Supp.2006, § 3201 enumerates the state educational institutions that comprise the State System. As previously discussed, the State Regents are the coordinating board of control for the entire State System. OKLA. CONST. art. XIII-A, § 2; 70 O.S. Supp.2006, § 3206; A.G. Opin. 80-204, at 344-45.
The AHEP is not an institution of the State System. 70 O.S. Supp.2006, § 3201; OKLA. CONST. art. XIII-A, § 1. Instead, the AHEP is a statutorily created higher education program designed to make resources of institutions of higher education available to people in the Ardmore, Oklahoma area. 70 O.S. 2001, § 3213[70-3213]. However, although the AHEP is not an institution, the AHEP was created by the Legislature under the statutory scheme governing the State System. 70 O.S. 2001, §§ 3201[ 70-3201] — 3244. Accordingly, we recognize that the Legislature intended the AHEP to be a part of the State System.
 V. THE AHEP BOARD OF TRUSTEES IS NOT A SUBORDINATE ENTITY OFTHE STATE REGENTS
Pursuant to the express language of the Legislature, the AHEP Board of Trustees serves as the administrative agency for the AHEP. 70 O.S. 2001, § 3213[70-3213](B). The AHEP Board of Trustees is charged with submitting an operating budget to the State Regents, administering monies budgeted by the State Regents, negotiating agreements with institutions for courses and programs of study, providing educational facilities, and recommending courses and programs to be offered by participating institutions. Id. The AHEP Board of Trustees is also charged with selecting a chief executive officer, expending monies allocated to the AHEP as may be necessary to perform the duties and responsibilities imposed by statute, and entering into contracts and promulgating rules for the purpose of acquiring and taking title to real and personal property from sources other than by state appropriations. Id.
The primary goal of statutory interpretation is to ascertain and follow the Legislature's intention. Duncan v. Okla. Dep't of Corr., 95 P.3d 1076,1079 (Okla. 2004). Legislative "[i]ntent is ascertained from the whole act . . . considering relevant provisions together to give full force and effect to each." McClure v. ConocoPhillips Co., 142 P.3d 390, 395 (Okla. 2006). Additionally, the amendment of a clear statute may reasonably indicate legislative intent to alter the law. Irwin v. Irwin, 433 P.2d 931,934 (Okla. 1965).
The express language of 70 O.S. 2001, § 3213[70-3213] demonstrates legislative intent that the AHEP Board of Trustees is the administrative agency of the AHEP and should not be considered a subordinate entity of the State Regents. This intent is exemplified by the Legislature's 1985 removal of the prior statutory provision that expressly granted the State Regents the authority to administer the AHEP. See 1985 Okla. Sess. Laws ch. 317, § 7(A).
Furthermore, the Legislature has expressed no intent that the AHEP Board of Trustees should be considered "subordinate" to the State Regents. See 70 O.S. 2001, § 3213[70-3213]. While the statutory scheme providing for the budgetary needs of the AHEP and the approval of educational program resources of state education institutions for the AHEP grants authority to the State Regents to accomplish these AHEP objectives, such authority is consistent with the State Regents' role as the coordinating board of control for the entire State System and stops short of providing the State Regents with governance authority over the day-to-day operations of the AHEP. See id.; OKLA. CONST. art. XIII-A, § 2; A.G. Opins. 80-204, at 344-45; 88-12, at 23.
 VI. THE AHEP BOARD OF TRUSTEES MAY ENGAGE IN ACTIVITIES THAT ARE CONSISTENT WITH THE AUTHORITY GRANTED TO IT BYTHE LEGISLATURE.
The Oklahoma Supreme Court has held that the activities of an administrative agency are limited by the powers granted to the agency by the Oklahoma Legislature. See City of Hugo v. State ex rel. Pub.Employees Relations Bd., 886 P.2d 485, 492 (Okla. 1994). Additionally, the Oklahoma Supreme Court has held that an agency has, by implication and in addition to powers expressly given by statute, such powers as are necessary for the due and efficient exercise of powers expressly granted or as may be fairly implied from the statute granting express agency powers. Id.; Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980). In determining whether agency authority may be implied from a particular statutory scheme, the statute as a whole must be considered and the legislative intent must be determined. See City of Hugo, 886 P.2d at 492.
We have already recognized herein that the Legislature has expressly designated the AHEP Board of Trustees "to serve as the administrative agency for the [AHEP]." 70 O.S. 2001, § 3213[70-3213](B). In questions numbers 2 and 3 of your request, you ask us whether specific activities of the AHEP Board of Trustees are permissible under Oklahoma law without the express consent or approval of the State Regents. We address these activities individually as follows:
A. FORMULATING AND DEVELOPING STRATEGIC PLAN
Pursuant to the Oklahoma Program Performance Budgeting and Accountability Act at 62 O.S. 2001 Supp.2006, §§ 45.1 — 46.2, each "state agency shall make a strategic plan for its operations." 62 O.S. Supp.2006, § 45.3(A). Title 62 O.S. 2001, § 45.2[62-45.2] defines "state agency" as follows:
 "[S]tate agency" means a department, board, commission, or other entity of state government within the Executive Department of the State of Oklahoma, including institutions of higher education, that:
 1. Was created by the Constitution or a state statute with an ongoing mission and responsibilities;
 2. Is not the Office of the Governor or Lieutenant Governor; and
 3. Is not a committee created under state law whose primary function is to advise an agency.
Id.
The AHEP Board of Trustees, in addition to being "the administrative agency of the [AHEP]," is a board within the executive department that was created by 70 O.S. 2001, § 3213[70-3213] with an ongoing mission and responsibilities. Furthermore, the AHEP Board of Trustees is not organized under the Office of the Governor or Lieutenant Governor and was not created with a primary function to advise an agency. Seeid.
Accordingly, the AHEP Board of Trustees is a state agency under 62 O.S. 2001, § 45.2[62-45.2], and it is required to develop and submit a strategic plan in accordance with the Oklahoma Program Performance Budgeting and Accountability Act. 62 O.S. Supp.2006, § 45.3(A). It follows that the AHEP Board of Trustees may perform the requisite analysis to formulate and develop such a strategic plan, as necessary for the due and efficient fulfillment of the express statutory directive to make a strategic plan. See Marley, 618 P.2d at 405. Coincidently, other than the course approval and budgeting authority specified in 70 O.S. 2001, § 3213[70-3213], there is no legislative intent expressed in Section 3213 or the Oklahoma Program Performance Budgeting and Accountability Act that would support the notion that the AHEP Strategic Plan should be coauthored or approved by the State Regents.
B. COMMUNICATING WITH THE LEGISLATURE REGARDING STATUTORY CHANGES
It is our understanding that your use of the term "petition" with regard to your question number 2, "[c]an the [AHEP] Board of Trustees . . . petition the Legislature to make changes to its enabling legislation," is meant in an informal sense. Letter from Andre Moore, Chair, AHEP, to W.A. Drew Edmondson (Dec. 13, 2006) (on file with the Oklahoma Attorney General's office) (emphasis added). That is, we understand your request to pertain to whether the AHEP Board of Trustees' members or personnel may communicate with members of the Legislature regarding changes to AHEP's enabling legislation.
There is no express statutory authority which authorizes the AHEP Board of Trustees to communicate desired legislative changes of governing statutes to the Legislature. Therefore, in order for the AHEP Board of Trustees to lawfully communicate its position regarding changes of governing statutes to the Legislature, the authority to engage in such communications must be necessary for the due and efficient exercise of powers expressly granted or as may be fairly implied from the statute granting express agency powers. See Marley, 618 P.2d at 405.
A review of the express statutory powers of the AHEP Board of Trustees indicates that the primary goal of the agency is to administer the AHEP so that educational program resources at institutions in the State System are made available to the people in the Ardmore area. 70 O.S. 2001, § 3213[70-3213](A). To accomplish this goal, the Legislature has given the AHEP Board of Trustees specific and general statutory powers. Id. § 3213. A change, or potential change, of any of these powers could have a positive or negative impact on the agency's ability to accomplish its statutory purpose.
Therefore, we conclude that the power of the AHEP Board of Trustees to communicate with the Legislature regarding changes to the agency's enabling legislation is necessary for the due and efficient exercise of powers expressly granted to the AHEP Board of Trustees and may be fairly implied from 70 O.S. 2001, § 3213[70-3213]. To conclude otherwise would prohibit those who are in a position to know the facts concerning the problems and needs of the AHEP from providing useful and potentially critical information to the Legislature. See A.G. Opin. 95-14, at 33, 36 (concluding that school boards have the implied power to lobby the Legislature to communicate information and facts concerning education and school board issues.)
C. PURCHASING
In the statutory scheme providing for the fiscal administration of the AHEP, the Legislature has included the State Regents in the AHEP Board of Trustees' budgetary process. See 70 O.S. 2001, § 3213[70-3213]. Specifically, the State Regents are charged with annually receiving a budget from the AHEP Board of Trustees and allocating monies in response. Id. § 3213(B). The State Regents are also authorized to establish appropriate funds and accounts in the Office of State Finance for servicing the fiscal operations of the Ardmore Higher Education Program. Id. § 3213(A).
However, pursuant to 70 O.S. 2001, § 3213[70-3213](B), "[t]he board of trustees is authorized to expend all monies allocated to the Ardmore Higher Education Program as may be necessary to perform the duties and responsibilities imposed upon the board by this section." Again, the Legislature has expressed no intent that the expenditure of AHEP funds should be co-administered by the State Regents or that the State Regents may exercise approval authority over the AHEP Board of Trustees' authority to "expend all monies allocated" to the program. Id.
Accordingly, to the extent that the AHEP Board of Trustees transacts purchases by expending funds allocated to the AHEP, and such expenditures are necessary for the AHEP Board of Trustees to perform the duties and responsibilities imposed by 70 O.S. 2001, § 3213[70-3213], there is no requirement, statutory or otherwise, that the State Regents approve of or consent to the expenditures.
D. SETTING EMPLOYEE WORKING CONDITIONS
The AHEP Board of Trustees is statutorily recognized as the agency charged with administering the activities of the AHEP and selecting a chief executive officer whose duties include the selection of other appropriate nonteaching personnel.[5] 70 O.S. 2001, § 3213[70-3213](B). Additionally, the statutory duties of the AHEP Board of Trustees include providing educational facilities for the program and administering monies budgeted for the program. Id. Implicit in these express statutory duties is the requirement of the AHEP Board of Trustees to establish requisite working conditions of nonteaching personnel, subject to state and federal law, as necessary to administer the AHEP. Id.; see Marley, 618 P.2d at 405. However, 70 O.S. 2001, § 3213[70-3213] does not provide for the involvement of the State Regents in the AHEP Board of Trustees' establishment of said working conditions and no authority requires the consent or approval of the State Regents with regard to this activity.
 VII. THE STATE REGENTS ARE NOT AUTHORIZED TO EXERT FISCAL CONTROL OVER THE AHEP BOARD OF TRUSTEES OR ITS AUTHORIZEDFISCAL AGENT.
The provisions of 70 O.S. 2001, § 3213[70-3213] grant the State Regents specific authority pertaining to the coordination of the fiscal administration of the AHEP. However, these provisions closely track with the State Regents' role as the coordinating board of control for the entire State System and fall short of granting the State Regents "fiscal control" of AHEP allocated funds. See OKLA. CONST. art. XIII-A, §§ 1 — 4; 70 O.S. 2001, § 3206[70-3206]; A.G. Opin. 80-204, at 344-45.
Pursuant to 70 O.S. 2001, § 3213[70-3213](A), the funds and accounts of the AHEP shall be subject to the direct supervision, management and control of the AHEP Board of Trustees. Also, Section 3213(B) provides that "[t]he board of trustees is authorized to expend all monies allocated to the Ardmore Higher Education Program as may be necessary to perform the duties and responsibilities imposed upon the board by this section."
Conversely, the authority of the State Regents with regard to AHEP fiscal matters is limited to receiving a proposed budget from the AHEP Board of Trustees, allocating monies to the AHEP Board of Trustees, and establishing appropriate funds and accounts in the Office of State Finance for servicing the fiscal operations of the AHEP. 70 O.S. 2001, § 3213[70-3213]. The Legislature has expressed no intent in Section 3213 that would allow AHEP budgeted and allocated funds to be supervised, managed or controlled by the State Regents. See id. Furthermore, we find that the Legislature's repeal of the statutory provision that initially granted the State Regents fiscal control over the AHEP to indicate the Legislature's intent that the State Regents' authority to exert such fiscal control over the AHEP has been revoked. 1985 Okla. Sess. Laws ch.317, § 7; see Irwin, 433 P.2d at 934.
 It is, therefore, the official Opinion of the Attorney General that:
 1. The Ardmore Higher Education Program Board of Trustees is the administrative agency for the Ardmore Higher Education Program, and is not a subordinate entity of the State Regents of Higher Education. 70 O.S. 2001, § 3213[70-3213](B).
 2. As an administrative agency of the State of Oklahoma, the Ardmore Higher Education Program Board of Trustees is statutorily required to develop and submit a strategic plan in accordance with the Oklahoma Program Performance Budgeting and Accountability Act at 62 O.S. 2001 Supp.2006, §§ 45.1 — 46.2. 70 O.S. 2001, § 3213[70-3213](B).
 3. Although the State Regents for Higher Education retain certain statutory powers with regard to Ardmore Higher Education Program course approval and the budgeting, allocation and account establishment of Ardmore Higher Education Program funds, the Ardmore Higher Education Program Board of Trustees, as the administrative agency of the Ardmore Higher Education Program, may engage in activities that are consistent with the statutory powers and duties granted to it by the Legislature without the consent or approval of the State Regents for Higher Education, including: formulating and developing strategic plans, communicating with the Legislature regarding statutory changes, transacting purchases and establishing the working conditions of nonteaching personnel, subject to state and federal law. 70 O.S. 2001, § 3213[70-3213](B).
 4. Although the State Regents for Higher Education retain certain statutory powers with regard to the budgeting, allocation and account establishment of Ardmore Higher Education Program funds, the State Regents for Higher Education are not statutorily authorized to exert fiscal control over the Ardmore Higher Education Program Board of Trustees or its authorized fiscal agent. 70 O.S. 2001, § 3213[70-3213]. 
W.A. DREW EDMONDSON RNEY GENERAL OF OKLAHOMA
RICHARD J. DENNY ASSISTANT ATTORNEY GENERAL
[1] There exist numerous entities in the Oklahoma State System of Higher Education. The AHEP is unique in its mission and its relationship to the State Regents. Thus, the analysis set forth herein is not relevant to other entities of the Oklahoma State System of Higher Education as they relate to the State Regents or each other.
[2] 1974 Okla. Sess. Laws ch. 233, § 5 (codified as 70 O.S. § 3213[70-3213]).
[3] Although the language removed from Section 3213 was from the fiscal year 1976 version of the statute, Oklahoma Session Laws indicate that an AHEP appropriation was made under the same provision for fiscal year 1979. See 1978 Okla. Sess. Laws ch. 292, § 6.
[4] It is pertinent to note that the University Center at Tulsa was not an institution of the State System at the time this language was included in Section 3213. See 70 O.S. Supp.1985, § 3201.
[5] The AHEP's authority to select personnel in 70 O.S. 2001, § 3213[70-3213](B) is limited to "nonteaching personnel." The AHEP's use of teaching personnel and the working conditions related to such teaching personnel would be established by agreements negotiated by the AHEP Board of Trustees with institutions for courses and programs of study approved by the State Regents. Id. Whether teaching personnel provided pursuant to an agreement between the AHEP Board of Trustees and an institution of higher education would be considered employees of the AHEP Board of Trustees involves questions of fact that cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5).